## COMMONWEALTH *vs.* PATRICK FOGERTY & others.

An indictment for rape sufficiently states that it was by force, by alleging that the defendant "violently and against her will feloniously did ravish and carnally know" the woman.

An indictment for rape need not aver that the woman ravished was not the wife of the defendant.

RAPE. The indictment alleged that the defendants, on the 26th of April 1857, at Chicopee, " with force and arms in and upon Agnes O'Connor, a female of the age of ten years and more, in the peace of said commonwealth then and there being, violently and feloniously did make an assault, and her the said Agnes then and there violently and against her will feloniously did ravish and carnally know, against the peace of said commonwealth, and contrary to the form of the statute in such case made and provided."

The defendants, after a conviction in the court of common pleas, moved in arrest of judgment, " because it is not alleged in the indictment, that said Agnes O'Connor was ravished, &c. by force, as required by law ; " and " because it is not alleged but that said Agnes O'Connor was the wife of one of the defendants, or which defendant, if any." The motion was overruled, and the defendants alleged exceptions.

*G. M. Stearns,* for the defendants. 1. In order to constitute

this offence, the carnal knowledge must be had " by force " as well as " against the will " of the woman.  Rev. Sts. *c.* 125, § 18. It is therefore necessary to allege the act in the words of the statute, or in equivalent words.  1 Chit. Crim. Law, 281, 282. The words " with force and arms " in the indictment, if they could be applied to the allegation of ravishment, (which they cannot, as it is a separate traversable allegation,) would only show that force was a concomitant, not that it was the means of accomplishment of the act.  An act may be done " violently," and yet not accomplished " by force."  3 Greenl. Ev. § 211. 1 Bishop Crim. Law, §§ 134 *& seq.*  The forms in use in this commonwealth contain the allegation " by force."  D. Davis's Justice, 591 ; (3d ed.) 674. .

2. A man cannot commit a rape on his own wife.  1 Hale P. C. 629.  Archb. Crim. Pl. (Waterman's ed.) 306, note.  1 Russell on Crimes, 676.  It is therefore necessary to allege, as in the case of adultery, that the woman was not the wife of the defendant ; because the facts alleged may be true, and yet no crime committed.  *Moore* v. *Commonwealth,* 6 Met. 243.  *Rex* v. *Folkes,* 1 Moody, 354.  The form used in this case is no more sustained by precedent than was the form for adultery, which was held bad in 6 Met. 243.

·  *D. W. Alvord,* for the Commonwealth.

BIGELOW, J.   The indictment in the present case is in conformity with well established precedents.  It sufficiently sets forth all the elements necessary to constitute the offence of rape. It alleges that the carnal knowlege was had " violently," which means by violence, and was against the consent of the prosecutrix.   The word ravished — " *rapuit* " — of itself imports the use of force, and, when coupled with the allegation that the act was done against the consent of the woman, technically charges the crime of rape, which is the carnal knowledge of a woman by force and against her will.   Co. Lit. 137.   2 Inst. 180.   1 Hawk. *c.* 16, § 2.   2 Hawk. *c.* 23, § 79.   2 Stark. Crim. Pl. (2d ed.) 431.   Archb. Crim. Pl. (10th ed.) 480.   Indeed it has been held that the omission to charge an assault is not fatal to an indictment for rape, when it was alleged, as in this case, that

Commonwealth *v.* Fogerty & others.

the defendant violently and feloniously ravished and carnally knew the prosecutrix against her will. *Regina* v. *Allen*, 9 Car. & P. 521, & note. *Harman* v. *Commonwealth*, 12 S. & R. 69.

It is true that, in this commonwealth, it has been usual, in indictments for this crime, to aver that the act was done " by force." This practice probably grew out of the phraseology of the statute, which used the words " by force and against the will," in providing a punishment for the offence. But it is never necessary to charge a crime in the words of the statute It is sufficient that the indictment sets out in technical language all the essential ingredients which make up the crime It is then fully, plainly, formally and substantially described.

2. Nor was it necessary to allege that the prosecutrix was not the wife of the defendant. Such an averment has never been deemed essential in indictments for rape, either in this country or in England. The precedents contain no such allegation. See authorities before cited. A husband may be guilty at common law as principal in the second degree of a rape on his wife by assisting another man to commit a rape upon her; *Lord Aud-ley's case*, 3 Howell's State Trials, 401 ; and under our statutes he would be liable to be punished in the same manner as the principal felon. Rev. Sts. *c.* 133, § 1. An indictment charging him as principal would therefore be valid.

Of course, it would always be competent for a party indicted to show, in defence of a charge of rape alleged to be actually committed by himself, that the woman on whom it was charged to have been committed was his wife. But it is not necessary to negative the fact in the indictment. *Exceptions overruled.*