State *v.* Wells.

## STATE *vs.* HAZZARD WELLS.

The statute (Rev. Stat., tit 6, § 18,) provides that "every person who shall *with actual violence* make an assault upon the body of any female with intent to commit a rape, shall suffer imprisonment, &c." An information charged that the defendant "with force and arms did an assault make on *A W,* a single woman, and did her then and there beat, wound and illtreat, with an intent violently and against her will, her feloniously to ravish and carnally know." Held, that the information was not defective in not charging in terms that the assault was made *with actual violence.*

Under this statute any language which charges the accused with the exercise of *physical force* upon the person assaulted, is sufficient.

INFORMATION for an assault with intent to commit a rape.

The statute (Rev. Stat., tit. 6, § 18,) provides that " every person who shall, with actual violence, make an assault upon

the body of any female, with intent to commit a rape, shall suffer imprisonment in the Connecticut state prison not less than three nor more than ten years."

The information charged that the defendant, "on the 4th day of February, 1862, at said town of Colchester, with force and arms, in and upon one Abby Wells, a single woman, in the peace then and there being, did make an assault, and her, the said Abby Wells, did then and there beat, bruise, wound and ill-treat, so that her life was then and there greatly despaired of, with an intent her, the said Abby Wells, violently and against her will, then and their feloniously to ravish and carnally know ; against the peace, contrary to the form of the statute in such case made and provided, and of evil example."

After a verdict of guilty in the superior court the defendant moved in arrest of judgment for the insufficiency of the information, which motion the court (*Carpenter, J.,*) overruled and passed sentence on the verdict. The defendant then brought the record before this court by motion in error, assigning as error that the information was insufficient in not charging the assault to have been made " with actual violence."

*Wait* and *Lucas*, for the plaintiff in error.

1. The assault mentioned in the statute upon which the information is framed, must be made " with actual violence ; " but the assault alleged in the information is a simple assault, alleged in the usual form, and one which can be made without actual violence." Rev. Stat., tit. 6, § 18; 1 Swift Dig., 477 ; 2 id., 338 ; *Hays* v. *The People*, 1 Hill, 351.

2. As the assault mentioned in the statute and the one alleged in the information materially differ, the information is fatally defective. 1 Archb. Cr. Pr., 282 ; 2 Hale P. C., 170 ; *Morse* v. *The State*, 6 Conn., 9 ; *Rawson* v. *The State*, 19 id., 292 ; *State* v. *La Creux*, 1 McMullan, 488 ; *Commonwealth* v. *Tuck*, 20 Pick., 356.

*Chadwick*, state attorney, and *Pratt*, for the state.

BUTLER, J. The statute on which this information was

framed, has been upon our statute books, substantially in its present form, about sixty years. During that period, so far as we are advised, the form adopted by the attorney in this case has been the only one published, (except a less perfect one in 1833 by Judge Niles in his Civil Officer,) and has been generally used. It was inserted by the late Chief Justice Swift in his Digest, and was retained in the late revision of that work by Judge Dutton; and it would be not a little singular, if, at this late day, by a critical examination of it, counsel had succeeded in showing that it was defective in an important particular.

In order to test the sufficiency of the averments, we must look at the elements or ingredients of the offense intended to be charged. Every attempt consists of two elements, viz. :— an *act of endeavor* to commit the particular offense, and an *intent* by that *act* of endeavor alone, or in conjunction with other necessary acts, to commit it. Both elements must be specifically charged, and an information for an attempt therefore must charge an *act* done, with an *intent* to commit the particular crime *described.*

They have in England no statute embracing, in specific terms, an attempt to commit a rape. The offense is there included in the act of Geo. IV., chap. 31, sec. 25, which provides for the punishment of *every* assault with intent to commit a *felony.* The kind of assault is not specified, and there, under a general allegation, any assault with that intent may be proved. The assault constitutes the " act of endeavor ; " and the legislature of this state have thought proper to define the act, and provide that it must be an assault with " actual violence." It is not to be supposed that they meant to weaken the sanctions of the law against an offense so odious and detestable. It is rather to be presumed that they meant to define the assault necessary to constitute it, so that an inference of guilt might not be too hastily drawn from a technical or constructive assault.

The term " violence " is synonymous with *physical force,* and the two are used interchangeably, in relation to assaults, by elementary writers on criminal law. 2 Bishop Crim.

Law, §§ 32, 3, 4. Actual is something real, in opposition to constructive or speculative, something " *existing in act.*" An assault with actual violence therefore, is an assault with physical force " put in action," exerted *upon* the person assailed. This, under the statute, must be alleged. But the language of the statute is not technical, and the allegation may or may not be in the words of it. Any language which expressly or by necessary implication imports and charges the exertion of physical force upon the person assaulted is sufficient. In this case the words of the statute are not followed or used, but an *aggravated battery,* which by necessary implication includes the exertion of physical force upon the person, is expressly charged, and that charges all, as an " act of endeavor," which the statute imports or requires.

There is no error in the judgment, and it must be affirmed.

In this opinion the other judges concurred.