## No. 7763.

|32 337|
|114 697|

### HEIRS OF WILLIAM PORTER VS. MARGARET A. HORNSBY.

Objections on the trial of a cause to the offering of testimony taken under commission, based upon defects of form in the execution of the commission, com 1 too late when a rule to show cause why the testimony should not be read on the trial has been made absolute without objection.

The prescription of five years bars nullities of form in the proceedings leading to the probate of a will.

Where an attorney of heirs was regularly appointed, but absented himself from the State before the entire conclusion of the mortuary procee lings, such absence does not render null a sale validly made under a decree of the probate court. A purchaser at a probate sale, regularly ordered and made, is protected by the decree, and by the prescription of ten years.

The filing by an executor of a statement of debts, is an acknowledgment which interrupts prescription, and suspends its course during administration.

APPEAL from the Thirteenth Judicial District Court, parish of Concordia. *Hough, J.*

George S. Sawyer for plaintiffs and appellants :

The judgment appealed from is erroneous for the following reasons, viz.:

First. The prescription of five years has no application. The will under which the testamentary executor qualified and sold the prop-erty now sued for by plaintiff was absolutely null, and, therefore, all subsequent proceedings under it were equally so. 1 Rob. 48 ; 5 Rob. 483 ; 6 An. 242 ; 2 An. 726 ; 28 An. 697 ; 29 An. 560.

Second. A probate sale of real estate founded on such proceedings cannot form a just title to serve as the basis of the ten-years pre-scription. 10 La. 553 ; 24 An. 251 ; 28 An. 697 ; 30 An. 560 ; 10 La. 285 ; 30 An. 560.

Third. The evidence shows that the ancestor of defendant was not a

22

purchaser or possessor in good faith; but, on the contrary, that the sale was made by collusion and fraud between him and the executor.

O. Mayo and Z. York for defendants and appellees:

Though the will may have been probated on insufficient proof, the order of the probate court ordering its execution is primarily valid, and the purchaser is protected by the decree of sale. ' C. C. 1507; 10 An. 684; 1 Rob. 50.

The prescription of five years bars the attack for informalities in the probating of the will, and in the judicial sale.

The debts of the estate, for the payment of which the property was ordered to be sold by the probate court, were recognized by the executor and not prescribed. 29 An. 493; 30 An. 853; 31 An. 713.

Defendants have held by public and uninterrupted possession, under a just title and in good faith, for more than ten years.

The charge of collusion and fraud is shown to be entirely without foundation.

---

· The opinion of the court was delivered by

WHITE, J. The plaintiffs sue to recover the ownership of a certain plantation. The facts upon which the controversy turns are as follows : William Porter, a resident of the parish of Concordia, died there in 1859. At the instance of A. T. Welch, on the 9th of February, 1859, his nuncupative will, by private act, was admitted to probate, and Welch appointed testamentary executor, an order having been rendered appointing an attorney of absent heirs and for an inventory. The inventory taken showed assets amounting to $51,154 93, consisting of two pieces of real estate, valued, respectively, at $7600 and $6750, the balance being slaves, and movable rights or credits. The inventory was signed by the attorney for absent heirs. In March, 1862, the executor filed a statement of debts, praying for publication thereof, and for notice to the attorney for absent heirs. The ·attorney for absent heirs. accepted service of the petition and statement, which showed debts to the amount of $6525 86. Nothing further appears to have been done until January, 1866, when the executor, representing the existence of debts, prayed a new inventory and a sale; the order was granted; the new inventory taken showing property to the amount of $7034 11, which was sold and adjudicated on the 21st March, 1867, to B. R. Hornsby, under or through whom the defendant holds. The claim of plaintiff is based upon the following propositions :

First. That the proof upon which the will was probated was not such as the law required, rendering, therefore, the probate absolutely null and void.

Second. That the executor not having the seizin, was without authority to sell the real estate.

Third. That there being no attorney for absent heirs, the sale was null.

Fourth. That there were no debts, and the proceedings were in fraud of the heirs, and intended to deprive them of their property.

1. We think there can be no doubt, although three of the witnesses testified on the application of the executor for the probate of the will, that the testimony was not sufficient to have justified the admitting the will to probate. However, we do not think this fact of material importance, because there is evidence in the record showing the will to have been formally executed. The proof results from the testimony of one of the subscribing witnesses, who was not examined at the time of the probate, and who has abundantly made out the validity of the will. This witness was examined under commission, and certain exceptions or objections to the admissibility of the testimony, growing out of the mode of execution of the commission, as well as to the admissibility of the evidence, are pressed in the brief of counsel; but, we think, they are untenable; that to the mode, because on a rule taken to show cause why the depositions should not be read on the trial the court made the rule absolute, and no bill of exceptions was reserved; that to the testimony itself, because we think it self-evident that if the plaintiff has a right to disregard the probate and trial of the decree therefor as null on account of the insufficiency of the evidence upon which it was rendered, the defendant, must, as a matter of course, be allowed to defend by showing the formality and validity of the will. One of two conclusions seems inevitable: either the decree of probate is *prima facie* binding, or it is not. If it is, then this suit being a collateral attack is without foundation. If it is not, then, of course, the party holding up the will as a muniment of title must be allowed to establish its validity. But apart from this consideration, the prescription of five years, which has been pleaded, is, we think, applicable. Miller vs. Miller, just decided.

2. This objection is, we think, covered by the text of C. C. 1668.

3. As we have seen, an attorney of absent heirs was appointed and signed the inventory, and also had notice of the filing of the statement of debts. It is now contended that he never qualified or took the required oath; and that he had left the State when the second inventory was taken and the sale ordered. We consider it questionable whether such facts would be good ground for nullity. Heirs of Herriman vs. Janney, 31 A. 276. But at all events the attorney having been appointed, the facts relied on would not be sufficient to take the purchasers out of the protection afforded by decree of the probate court

ordering the sale, or render inapplicable the ten-years prescription which has been specially pleaded.

4. There is nothing to controvert the statement of debts, which has, on the contrary, been supported by evidence on the trial of this cause, and which, we think, was properly admitted. It is said that the debts were prescribed when the application for sale was made; but such clearly was not the case. The filing of the statement of debts was a recognition of the claims by the executor, which suspended prescription during administration. Maraist, Syndic, vs. Guilbeau, Administrator, 31 A. 713, and authorities there cited.

Judgment affirmed with costs.

Rehearing refused.