[Filed April 19, 1888.]

STATE OF OREGON, Respondent, *v.* WILLIAM R.
DALY, Appellant.

CRIMINAL LAW—INDICTMENT—EQUIVALENT WORDS.—Hill's Code, section 1173,
punishes whoever shall *forcibly* ravish, etc.; and section 1740 punishes whoever
"shall assault another with intent . . . . to commit *a rape* upon such person."
*Held,* that in an indictment under section 1740, it was sufficient to charge that
the act was done *violently,* etc.

EVIDENCE—PROVINCE OF JURY TO WEIGH.—If there is any evidence upon a con-
troverted question of fact before the jury, it is their peculiar province to deter-
mine its effect and sufficiency.

CASE IN JUDGMENT.—Where the evidence tended to prove that the appellant, who
was a hack driver in the city of Portland, received the prosecutrix in his hack at
a ball for the purpose of conveying her to her home in a distant part of the city,
and that before reaching her destination he entered the hack without her con-
sent and made an indecent assault upon her; *held,* that it was for the jury to
determine the particular intent with which such assault was made.

APPEAL from Multnomah County.

*Moreland & Masters,* for Appellant.

*H. E. McGinn,* and *N. D. Simon,* for Respondent.

STRAHAN, J.—The defendant was indicted and convicted
for an assault with intent to commit rape in Multnomah County
and sentenced to imprisonment in the penitentiary for one year,
from which judgment he has appealed to this court.

Upon the trial in the court below appellant's counsel asked
the court to instruct the jury among other things as follows:
. "(1) That under the indictment the defendant could not be
convicted of anything more than a simple assault. (2) That
there was not testimony sufficient to convict the defendant of
anything more than a simple assault." Each of these instruc-
tions was refused, to which rulings of the court proper exceptions
were taken.

1. Upon the argument here, appellant's counsel claim that the first instruction asked should have been given, for the reason the indictment fails to charge the necessary facts to constitute an assault with intent to commit rape. Section 1733 of Hill's Code provides that "if any person shall carnally know any female child under the age of fourteen years, or shall *forcibly* ravish," etc., such person shall be deemed guilty of rape; and section 1740, under which the indictment is drawn, provides: "If any person shall assault another with intent to kill, rob, or to commit a rape upon such person," etc., such person, upon conviction thereof, shall be punished, etc. The indictment after charging the assault, alleges that defendant did then and there beat, wound, and ill-treat the said D. with the intent her, the said D., *violently* and against her will feloniously to ravish and carnally know, etc. In other words, the objection is that the word "forcibly" is used in the statute; the word "violently" in the indictment. It is no doubt safer for the pleader to follow and use the descriptive words of the statute in drawing an indictment for any crime, but it is not in all cases absolutely essential that he should do so. Where there is a change in phraseology, and a word not in a statute is substituted in the indictment for one that is, and the word thus substituted is equivalent to the word used in the statute, or is of more extensive signification than it, and includes it, the indictment is sufficient. (1 Wharton's Criminal Law, § 376; *State* v. *Wells,* 31 Conn. 210.) The word "violence" is one of the synonyms of the word "force," and so nearly of the same import and meaning that there is no room whatever for the appellant's contention on this point

2. The other instruction to which an exception was taken impliedly assumes that there was evidence before the jury sufficient to convict him of an assault

The legal import of the instruction was to tell the jury that under the evidence before them they might find the defendant guilty of the crime of a simple assault, but that there was no evidence before them upon which they could find the felonious intent charged in the indictment. All of the evidence given

upon the trial is in the bill of exceptions, and we are asked by the appellant to pass upon the question whether there is any evidence in the case tending to prove the intent of the defendant in making the assault.

It is conceded if there is any evidence on that point, it is the peculiar province of the jury to weigh it and determine its effect and sufficiency. (Graham & Waterman on New Trials, 1277.) The particular intent with which the defendant acted must be determined from what he did and from the circumstances attending it. The person assaulted had intrusted herself to the defendant's care to be driven by him in his hack from a ball to her home in the city of Portland. After three other ladies who were in the hack had been driven to their homes, the defendant entered the hack where this girl, not more than sixteen years old, was alone, and there made a violent, shameless, and most indecent assault upon her, the particulars of which I do not think proper to set forth, suffice it to say he assaulted her, tore her underwear, and grossly and indecently offended her person. His conduct was forcible and violent as far as he went, and there was ample evidence before the jury from which they might infer an intent to consummate his purpose by force, if necessary. All of his conduct on that occasion pointed to such intent, and it is difficult to see how the jury could have drawn any other inference than they did. In any event there was evidence before the jury from which they might find the felonious intent, and it was their exclusive province, in such case, to judge of the effect and value of the evidence. (Hill's Code, § 845.)

We find no error in this record, and the judgment of the court below must be affirmed.