## STATE OF IOWA v. FRED ROHN, Appellant.

**Rape:** SUFFICIENCY OF INDICTMENT. An indictment is not rendered in-
1  sufficient by the use of another word in charging a crime than
that found in the statute, where the substituted word is the equiv-
alent in meaning. or of a broader signification; as in charging
an assault upon a female the use of the word "violently" is held
the equivalent of "forcibly" or "by force;" especially where the
indictment further charged that defendant did ravish prosecu-
trix against her will.

**Continuance:** TIME TO PREPARE CASE: PREJUDICE. An application for
2  continuance on the ground that counsel had not had time to pre-
pare for trial was rightfully refused, where it appeared that
counsel has acted for defendant since his arrest about two weeks
previous, and for his confederates since the date of the offense,
although not appointed by the court. until two days before making
the application: nor should a continuance be granted on the ground
of prejudice where it was not shown that the feeling was against
the defendant personally and such as would likely be obviated
by delay.

**Change of venue:** PUBLIC PREJUDICE. A defendant accused of crime
3  is not entitled to a change of venue on the ground of public
prejudice, where there is no showing that the feeling is directed
against him personally so that he cannot have a fair trial, but
the indications are that public sentiment condemns the crime
charged rather than the individual and demands a vindication
of the law.

**Jurors:** DISQUALIFICATION. A juror is not disqualified from having
4  read or heard newspaper accounts of an alleged crime, if he has
not formed an unqualified opinion, but appears to be fair minded,
free from prejudice and able and willing to render an impartial
verdict.

**Rulings of trial court:** PRESUMPTION. In the absence of any showing
5  to the contrary, save in argument, the rulings of the trial court
are presumed to have been correct.

**Examination of witness:** PREJUDICIAL REMARKS OF COUNSEL. The
6  statement of counsel addressed to the court during the examination
of prosecutrix, a deaf mute, in a prosecution for rape, that coun-

sel were advised that she could not answer questions involving any reasoning was improper, but as that fact was disclosed by her subsequent examination the remark was not prejudicial.

**Examination of witnesses.** An objection to an inquiry on redirect examination which merely calls for an explanation of matters developed on cross examination may properly be overruled, and if an unexpected answer is given which is objectionable a motion to strike it should be made, otherwise the objection is waived.

**Same.** Where the evident purpose of a cross examination is to cast suspicion upon the testimony of prosecutrix in a prosecution for rape, because of a failure to produce her garments in court, it is proper on redirect to show that their loss was attributible to an act of defendant.

**Same: OPINION EVIDENCE.** On a prosecution for rape where neither party claimed the prosecutrix was insane or an imbecile, and a witness testified that she received a letter from her with well connected sentences and accurate spelling, it was propr to exclude the opinion of the witness as to whether she was intelligent, the jury being qualified to determine that question.

**Evidence: ORDER OF ADMISSION.** Although the state should observe the rule of introducing all its evidence in chief before that of the defense is offered, still this is a matter largely in the discretion of the trial court; and if no prejudice results from the admission on rebuttal of evidence properly a part of the States main case a reversal will not be ordered on that account.

**Rape: COMPLAINTS: EVIDENCE.** Although the answers of a witness to proper questions regarding complaints made by prosecutrix were more in detail than is permissible, still the defendant cannot complain where he did not request the court to strike such portions of the answers as were objectionable.

*Appeal from Jones District Court.—*HON. MILO P. SMITH, Judge.

TUESDAY, JANUARY 12, 1909.

THE defendant was convicted of having committed rape, and appeals.—*Affirmed.*

*Welch & Welch,* for appellant.

*H. W. Byers,* Attorney General, and *Chas. W. Lyon,* Assistant Attorney General, for the State.

Ladd, J.—The female alleged to have been outraged was a deaf mute, some thirty-two years of age, who resided with a brother several miles from Monticello. She walked to that place August 25, 1907, and, according to her story, met defendant Rohn, a stranger to her, on the street. He proposed intercourse, the meaning of which was not comprehended by her, and the two walked along the street until reaching Hogan's place, where defendant helped her to the loft of the barn. He then threw her on a platform and effected his purpose, notwithstanding such resistance as she could make, and after the act, called George Hogan and William Haussler, each of whom also had intercourse with her. Some hours later Hogan overtook her on the way home and again compelled her to submit to his lust. Hogan and Haussler were arrested the same day, but Rohn escaped, and was not taken in custody until September 14, 1907. An indictment was returned on the 28th of that month, in which the State charged that, on or about August 25, 1907, defendant, "in and upon one Emma Farhni, feloniously and violently did make an assault, and her, the said Emma Farhni, then and there violently and against her will feloniously did ravish and carnally know."

Appellant contends this language is not equivalent to saying that the act was by force, and relies on *State v. Blake,* 39 Me. 322, where the Supreme Court of Maine seems to have thought that the word "violently" did not convey the idea of force with the technical accuracy exacted by the statute of that State. But the weight of authority is to the effect that the use of the word "violently" in the indictment was equivalent to that of "forcibly" or "by force," and that the instrument sufficiently charged the crime. *State v. Williams,* 32 La.

1. Rape: sufficiency of indictment.

Ann. 337 (36 Am. Rep. 272); *State v. Daly,* 16 Ore. 240 (18° Pac. 357); *Walling v. State,* 7 Tex. App. 625; *Com. v. Fogerty,* 74 Mass. 489 (69 Am. Dec. 264). Even were this not so, it alleges that defendant did ravish prosecutrix against her will; and, according to the two decisions last cited, this, as the word "ravish" imports the employment of force, sufficiently charged the crime. Possibly the meaning of "violently" is a little more extensive than that of "forcibly" or "by force," but the rule seems to be settled that, "where there is a change in phraseology, and a word not in a statute is substituted in the indictment for one that is, and the word thus substituted is equivalent to the word used in the statute, or is of more extended signification than it, and includes it, the indictment is sufficient." 1 Wharton's Crim. Law, section 376; *State v. Wells,* 31 Conn. 210. The exception to the indictment is not well taken.

II. A motion for continuance was filed October 2, 1907, based on want of time on the part of counsel to prepare for the defense and the feeling prevailing in the 2. CONTINUANCE: community. W. M. Welch had been ap-
time to prepare case: pointed by the court to defend September
prejudice. 30th, but he had acted as attorney for defendant since his arrest September 14th, and for his confederates since the date of the alleged offense. In these circumstances the court rightly held counsel not entitled to delay for preparation, even though his other engagements in court may have been numerous. Nor was the feeling in the community such as was likely to be obviated by delay. Postponement of the trial could not be expected to obviate the condemnation which like transactions merit from mankind. All that could be rightly demanded by defendant was that feeling be not so directed against the accused personally as to prevent a fair and impartial determination with respect to his individual

guilt or innocence. There was no error in overruling the motion.

III. On October 9, 1907, the defendant applied for a change of venue owing to the alleged prejudice of the people of the county, and supported the same by affidavits of some eighty citizens besides those of defendant and his attorney. On the other hand, the State's resistance was sustained by the affidavits of two hundred and fifty citizens. Attached to the motion were numerous excerpts from local and other papers reciting the circumstances as charged by the State, with substantial accuracy, and denouncing the offense and its perpetrators in severest terms. But there is nothing in the record to indicate feeling against the accused personally. Doubtless comparatively few people of the county knew him, and the sentiment largely was directed against the crime alleged, and in demand for the vindication of the law. The showing falls far short of indicating a state of excitement and prejudice in the county which would prevent a fair and impartial trial. See *State v. Hoffman,* 134 Iowa, 587; *State v. Icenbice,* 126 Iowa, 16.

3. CHANGE OF VENUE: public prejudice.

IV. Exceptions were taken to overruling challenges for cause several jurors. Their answers on *voir dire* did not disclose unqualified opinions as to the guilt or innocence of the accused, but were conditioned on the newspaper accounts being true. Should a juror be excused because of having read these, the public would be deprived of the advantage of having its most intelligent citizens in such service. A person is qualified if, notwithstanding any impressions he may have received from reading or hearing, he appears to be fair-minded and free from prejudice, and able and willing to render an impartial verdict. *State v. Young,* 104 Iowa, 730; *State v. Crofford,* 121 Iowa, 395; *State v. Brown,* 130 Iowa, 57; *State v. Ralston,* 139 Iowa, 44; *State v.*

4. JURORS: disqualification.

*Munchrath,* 78 Iowa, 273.   The challenges were rightly
overruled.

V.   After testifying to reaching the loft prosecutrix
was asked what the accused did to her.   Objection that this
assumed he did something was overruled, the court stating
that, as counsel for defendant had admitted
in his opening statement to the jury that
something took place, the only question was
the character of it.   Appellant insists that the court was
mistaken, and that its remark was prejudicial.   In the ab-
sence of any showing to the contrary, rulings of the trial
court are presumed to have been correct; and, as the
statement is uncontradicted save in argument, this pre-
sumption must prevail.

5. RULINGS OF TRIAL COURT: presumption.

VI.   Prosecutrix, after saying that she tried to get
away, but defendant held her, was asked, "Why didn't
you get away?"   Thereupon counsel assisting the county
attorney remarked, apparently to the court,
"It was explained to us that it was impos-
sible for this mute to answer any question
that required reasoning in her mind as to
why or wherefore of anything."   Defendant objected to
this statement, and also to the question as calling for the
conclusion of the witness   She answered, "I tried to get
away, but couldn't."   "Q.   Did he hold both of your
arms?   A.   Both my arms."   The statement of the at-
torney was improper.   He was not a witness, and what he
said, if material, was matter of proof.   It will be noted,
however, that counsel does not assert the inability of the
witness to reason, but apparently addressed the court as to
advice received in explanation of the character of the ques-
tions being propounded.   This did no more than direct
attention to an alleged peculiarity of the witness; and, in
view of the circumstances, and her subsequent examination
at great length, we are satisfied no prejudice resulted.

6. EXAMINATION OF WITNESS: prejudicial remarks of counsel.

VII.   On cross-examination of prosecutrix defendant

brought out the fact that several hours after the occurrence in the barn, and while she was going along the road toward

**7. EXAMINATION OF WITNESS.** home, Hogan overtook and stopped her; that Brown came out with a rig and, though she started to run, took her, and also Hogan, back to town; placed him in jail and her in a house near by. On re-direct examination she was asked why she stopped on the road where Brown found her. The objection, as incompetent, was rightly overruled. The inquiry apparently called for no more than an explanation of what had been brought out in cross-examination. She answered, however, that when going along the road Hogan caught up with her, threw her down, and had intercourse with her. Such an answer could not well have been anticipated by the court in ruling on the question, and, if objectionable, the defendant should have moved for its exclusion. As no such motion was made, he can not now complain.

VIII. The prosecutrix on being called for further cross-examination testified that she replaced her drawers before leaving the barn, and had them on when she started

**8. SAME.** home, but did not know where they were. Upon redirect examination she was asked if anyone took them off after leaving the barn, and, having answered that Hogan did, she was asked at what place. This was objected to as not connected with the transaction, and the objection overruled. The design of the cross-examination manifestly was to cast suspicion on the failure to produce the garment, and it was proper to allow the explanation as to their loss at the roadside.

IX. The defendant called three witnesses for the purpose, as now claimed, of showing the degree of intelligence possessed by the prosecutrix. The first was asked

**9. SAME: opinion evidence.** several questions as to what the latter had said or written to her about the last of July or first of August preceding the act complained of. There was no intimation of the nature of

the communication, and on objection the evidence was properly excluded. In pursuance of a suggestion of the court she did testify that what prosecutrix wrote was intelligent, with sentences well constructed and spelling accurate. The witness was then asked whether in her opinion the prosecutrix was intelligent. To this an objection of the State was sustained. It is manifest that the jury was as well qualified as the witness to say what degree of intelligence these matters indicated. Neither party claimed she was insane nor an imbecile, and opinion evidence was not admissible under the circumstances shown.

X. Three witnesses were permitted to testify in rebuttal to the appearance of prosecutrix several hours after the act charged, and of her complaint. This properly was evidence in chief, but some discretion is lodged in the trial court; and, unless this has been abused in permitting the introduction of the evidence out of order, to the defendant's prejudice, the judgment should not be disturbed. *State v. Robbins,* 109 Iowa, 650; *State v. Yetzer,* 97 Iowa, 423; *McDonald v. Moore,* 65 Iowa, 171; *Hubbell v. Ream,* 31 Iowa, 289; *Hess v. Wilcox,* 58 Iowa, 380. Defendant was not deprived of the opportunity to meet this additional evidence; and, though in the absence of reasonable excuse the State should be held to the rule requiring it to introduce all its evidence in chief before that in behalf of the defense is offered, it can not be said from the record that the court's discretion was abused to defendant's prejudice.

10. EVIDENCE: order of admission.

XI. Appellant objected to the testimony of Mrs. Beasch as not being confined to the fact of complaint of prosecutrix, but as giving the details. Of necessity the communication by a mute to a person unfamiliar with dactylology was somewhat imperfect, and though the recital of the circumstances were somewhat more in detail than

11. RAPE: complaints: evidence.

permissible, the answers were to proper questions, and the court was not requested to strike any portion of the answers if improper. In this state of the record there is no ground for complaint.

XII. Some other rulings on the admissibility of evidence are criticised, but these are so manifestly correct that discussion is unnecessary. If Lee was not before the grand jury, the record fails to so show, and the ruling on objection on that ground must be presumed to have been correct. The fifth paragraph of the charge in connection with the fourth and sixth correctly stated the law.

The judgment is *affirmed*.