# IN THE COURT OF APPEALS OF IOWA

No. 17-1031
Filed May 16, 2018

**IN THE INTEREST OF D.C.,**
**Minor Child,**

**D.C.,**
　　　　Appellant.
_____

　　　　Appeal from the Iowa District Court for Jasper County, Steven J. Holwerda, District Associate Judge.

　　　　Juvenile challenges the revocation of a consent decree and delinquency adjudication. **AFFIRMED.**

　　　　Christopher A. Clausen of Clausen Law Office, Ames, for appellant.

　　　　Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

　　　　Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**MCDONALD, Judge.**

This appeal involves two delinquency proceedings. In the first proceeding, D.C. was charged with theft in the second degree. His appointed counsel in the case was attorney Christopher Clausen. In December 2016, the juvenile court entered a consent decree and placed the child under the supervision of the juvenile court officer. The district court was initially reluctant to grant the consent decree because of the child's delinquency history. Ultimately, the court granted the consent decree because the court did not want to unduly punish the child when it was D.C.'s parents who used their "children as pawns" to operate a "theft ring" so "the parents will avoid culpability and the children will be treated as children and only get their hands slapped." In February 2017, the juvenile court officer filed an application to revoke the consent decree when the child was accused of theft from a local grocery store after a police officer found stolen items in D.C.'s backpack. The grocery-store theft led to the filing of the second delinquency proceeding at issue in this appeal. The second delinquency petition alleged D.C. committed theft in the fifth degree.

Although Clausen was not initially appointed as D.C.'s counsel in the second delinquency proceeding, he acted as D.C.'s counsel in both the revocation case and the new case. For example, on February 22, the juvenile court granted Clausen's motion to continue the revocation hearing. On March 9, the juvenile court entered an order continuing both cases and identified Clausen at the child's attorney. On March 31, the juvenile court, upon agreement of the parties, again continued the revocation and adjudication hearings.

The revocation and adjudication hearings were held on April 13. At that time, Clausen notified the court he had not been formally appointed in the new case because the parents had not yet filed an application for appointment of counsel. He asked for a brief recess to allow the parents to complete the necessary forms. The juvenile court stated the parents could complete the forms after the hearing and the court would "make the appointments retroactive." Clausen responded that would be fine and he was ready to proceed. Clausen told the juvenile court he was aware of the facts in both cases, stating, "I'm not at a disadvantage in terms of knowing the facts and being able to proceed." On that basis, the juvenile court proceeded with the hearing. Clausen then moved to continue the adjudication hearing after the close of the State's evidence:

> I would ask the court for a continuance, so that I may get copies of the statements that the officer referenced. I have a potential witness, including the parents, who think there may be a statement in there that they can disprove. And, also, I would like an opportunity to look into the backpack issue a little further, and it seems to me that might have been an appropriate issue for a motion to suppress.

The juvenile court denied the motion to continue, and D.C. presented his case. The juvenile court adjudicated D.C. delinquent on the new theft charge. The court continued the revocation hearing to a later date to coincide with disposition on the delinquency adjudication. The juvenile court also entered an order appointing Clausen as counsel in the new case.

After several continuances, the juvenile court held a combined disposition and revocation hearing. The juvenile court revoked the consent decree and adjudicated D.C. delinquent on the charges of theft in the second degree and theft in the fifth degree.

D.C. raises several claims of error related to both proceedings. Iowa juvenile delinquency proceedings are not criminal prosecutions but are special proceedings that provide an ameliorative alternative to the criminal prosecution of children. *See In re J.A.L.*, 694 N.W.2d 748, 751 (Iowa 2005). Generally, our review of juvenile delinquency proceedings is de novo. *See In re C.L.C., Jr.*, 798 N.W.2d 329, 334–35 (Iowa Ct. App. 2011). Still, we review subsidiary motions such as the denial of a motion to continue and motion for new trial for an abuse of discretion. *See id*; *see also Jack v. Booth*, 858 N.W.2d 711, 718 (Iowa 2015) (motion for new trial); *State v. Artzer*, 609 N.W.2d 526, 529 (Iowa 2000) (motion for continuance); *In re K.M.*, No. 16-0778, 2016 WL 4379361, at *1 (Iowa Ct. App. Aug. 17, 2016) (acknowledging in other juvenile adjudications we "review subsidiary rulings for an abuse of discretion").

In his first claim of error, D.C. contends the district court abused its discretion is denying his mid-hearing motion to continue. A motion to continue "shall not be granted except for good cause." Iowa R. Juv. P. 8.5. "The decision to grant or deny a motion for continuance rests in the sound discretion of the trial judge." *See Artzer*, 609 N.W.2d at 530. "It will not be disturbed on appeal unless an injustice has resulted." *Id.*

The district court did not abuse its discretion under the circumstances presented. On appeal, D.C. asserts the district court erred in denying the motion to continue because Clausen was not appointed counsel until the day of the adjudication hearing and thus was not prepared. While it is undisputed counsel had not been formally appointed until the time of the adjudication hearing, the appointment was perfunctory. Clausen was acting as counsel in both cases.

Clausen had the adjudication and revocation hearing continued on several occasions. At the beginning of the hearing at issue, Clausen represented to the court he knew the facts of both cases and was prepared to proceed. At best, counsel asked the court to continue the matter midway through the hearing to allow more time for research and evidence gathering. The court was well within its power to deny this general request. This is particularly true given that the matter had been continued on several prior occasions, that counsel represented he was prepared to proceed, and that the motion to continue was made after the presentation of the State's case. *See State v. Melk*, 543 N.W.2d 297, 300 (Iowa Ct. App. 1995) (denying continuance appropriate where "[t]he thrust of Melk's claim on appeal is that his new attorney did not have adequate time to prepare for trial" but "the reasons urged in support of the continuance were vague and uncertain"); *see also State v. Youngbear*, 229 N.W.2d 728, 734 (Iowa 1975) *abrogated on other grounds State v. Bear*, 452 N.W.2d 430 (Iowa 1990) ("Generally, continuances will not be granted for a want of defense preparation in the absence of a showing of good excuse. We observe defense counsel did not accompany his motion with affidavits establishing prior diligent effort, specific evidence sought, or a reasonable basis for believing the evidence could be procured."); *State v. Berenger*, 161 N.W.2d 798, 802 (Iowa 1968) (holding refusal to grant motion for continuance did not deny defendant a fair opportunity to prepare his defense where defendant had had counsel from December 29 to February 27, the date of trial); *State v. Myers*, 79 N.W.2d 382, 387 (Iowa 1956) (finding denial of motion for continuance proper where motion was made seven months after indictment for murder even though trial commenced only a few days after appointment of

counsel); *State v. Rohn*, 119 N.W. 88, 90 (Iowa 1909) (denying an application for a continuance based on want of time of counsel to prepare for the defense, where counsel had acted for defendant since his arrest about two weeks before and for his confederates since the date of the offense, about a month before, though the attorney had not been appointed for defendant until two days before the application).

In his next claim of error, D.C. contends the district court erred in admitting testimony regarding the contents of his backpack in which stolen items were found. The State argues D.C. did not preserve error on the issue because he did not make a motion to suppress evidence or object to the testimony during the adjudicatory hearing. We agree. *See State v. Lovig*, 675 N.W.2d 557, 562 (Iowa 2004) ("The adverse ruling on Lovig's motion to suppress preserved error for our review."); State *v. Breuer*, 577 N.W.2d 41, 44 (Iowa 1998) (noting the need for an adverse ruling by the district court to preserve error on a motion to suppress); *State v. Halliburton*, 539 N.W.2d 339, 343 (Iowa 1995) ("As a rule, a defendant must preserve error by making an objection at the earliest opportunity after the grounds for the objection become apparent."); *see also State v. Ambrose*, 861 N.W.2d 550, 555 (Iowa 2015) (discussing purposes of error preservation rules). We do not address this issue further.

In his final claim of error, D.C. argues the district court abused its discretion in denying his motion for new trial/motion in arrest of judgment. On appeal, D.C. relies on two grounds, Iowa Rule of Criminal Procedure 2.24(2)(b)(6) (weight of the evidence) and (9) (fair and impartial trial). The district court has "wide discretion in deciding motions for new trial." *State v. Ellis*, 578 N.W.2d 655, 659

(Iowa 1993). Iowa Rule of Criminal Procedure 2.24(2)(b)(9) permits defendants to move for a new trial when "the defendant has not received a fair and impartial trial." A motion in arrest of judgment shall be granted when, after a verdict of guilty, on the whole record, no judgment can be pronounced. Iowa R. Crim. P. 2.24(3)(a). "A motion in arrest of judgment may not be used to challenge the sufficiency of evidence." *State v. Oldfather*, 306 N.W.2d 760, 762 (Iowa 1981). "Our cases have not defined the term 'whole record,' although it is clear that it does not refer to the evidence of the trial itself." *Id.* at 762–63. (noting that "[r]ecent cases, challenging the voluntariness of guilty pleas, illustrate one type of 'record' which may be examined in arrest of judgment cases. The record in those cases consisted of coercion evidence outside the record of the reported proceedings").

D.C.'s contention the district court abused its discretion in denying the motion regarding the weight of the evidence is without merit. First, this issue was not raised in the district court. In the district court, D.C. contended only he was denied a fair trial. The issue is thus not properly before us. *See Yockey v. State*, 540 N.W.2d 418, 422 (Iowa 1995) (finding litigant "cannot change" position on appeal); *State v. Coleman*, No. 09-0355, 2009 WL 2392718, at *7 (Iowa Ct. App. Aug. 6, 2009) (deciding appeal only on grounds presented in the new trial motion). Even if we were to reach the issue, the claim is not prevailing. Multiple witnesses identified D.C. as the person committing the theft, and he was found in possession of stolen merchandise.

The second ground is equally unpersuasive. On this issue, D.C. simply rehashes his argument relating to the appointment and preparation of his counsel. As noted above, D.C. was represented by counsel throughout both proceedings.

The lack of appointment order goes only to who must pay for the services of counsel.  This court has rejected a similar attempt to repackage a claim regarding the denial of a motion to continue into a claim for new trial.  *See State v. Jaimes*, No. 15-2181, 2016 WL 7395751, at *7 (Iowa Ct. App. Dec. 21, 2016) ("Here, Jaimes contends she did not receive a fair and impartial trial when the court denied her motion for continuance based on counsel's lack of preparedness. . . .  Having found the district court did not abuse its discretion in denying Jaimes's motion for a continuance and no constitutional constraint required its granting, we similarly find the district court did not abuse its discretion in denying Jaimes's motion for new trial.").  We see no reason to deviate from our prior opinion.  The district court did not abuse its discretion in denying D.C.'s motion for new trial.

**AFFIRMED.**