[156] BENJAMIN J. DRUMMOND VS. THE REPUBLIC OF TEXAS — Case reserved, and certified from Bowie County.

No prescribed form of words is necessary to make it appear that a prosecution was carried on "in the name and by the authority of the republic of Texas." It is enough if the prosecution be conducted by the proper law officer, acting under the authority and conducting the prosecution in the name of the government.

The jurisdiction of the district court is general, and if the indictment charges the offense to have been committed in the proper county, that is a sufficient averment that it is within the jurisdiction of the court.

In an indictment for a statutory offense, though the statute must be strictly pursued, it is not necessary to employ the exact words of the statute, unless the words used are the technical words which constitute the specific offense.

The appellant was indicted and convicted under the 4th section of the " act to suppress gaming," of 1840. A motion was made in arrest of judgment, embracing a variety of objections to the regularity and legality of the proceedings,

which motion was overruled and the case certified to the supreme court for revision.

Among the grounds embraced in the motion in arrest are the following, which alone seem to have been regarded as relevant and material by the court, viz.:

."8. Because the said prosecution is not carried on in the name or by the authority of the republic of Texas."

"12. Because the indictment does not charge the offense to have been committed within the jurisdiction of said district court."

"13. Because the indictment charges the offense in general terms, and does not describe the facts or circumstances sufficiently to constitute an individual offense."

*Allen*, for appellant.

*Harris*, Attorney General, for appellee.

[157] After stating the facts, Mr. Justice WHEELER delivered the opinion of the court.

Many of the grounds embraced in the motion in arrest have no relevancy to anything which appears in the record. Those which have relate only to the indictment and judgment, and in our opinion are not well taken.

No prescribed form of words is necessary in order that the prosecution be "carried on in the name and by the authority of the republic of Texas." It is enough that the prosecution is conducted by the proper law officer, acting under the authority and conducting the prosecution in the name of the government. Nor is it necessary to state in terms in the indictment that the offense was committed within the jurisdiction of the district court. The jurisdiction of that court is general, and if the offense is charged to have been committed in the proper county, that is a sufficient averment that it is within the jurisdiction of the court. Though in an indictment for a statutory offense the statute must be strictly pursued, yet it is not necessary to employ the exact words of the statute, unless the words used are the technical words which constitute the specific offense. "It is not, in general, necessary in an indictment for a statutable offense to follow the exact

wording of a statute; it is sufficient if the offense be set forth with substantial accuracy and certainty to a reasonable intendment." United States v. Bachelder, 2 Gall. 15.

Many of the objections urged seem mere assumptions of fact, either wholly unsupported or disproved by the record, and do not seem to require more particular notice.

The indictment pursues the statute strictly, and is deemed to possess the requisite certainty and legal sufficiency in every respect. And the judgment, though informal, is believed to be sufficiently certain, and to afford a legal foundation on which to rest the execution of the sentence of the law.

It is incumbent on the party seeking to reverse a judgment to bring up the case in such a manner as to present the particular [158] points decided, of which he complains, in order that if error exist it may be seen and corrected. And if he fails to do so, he must suffer the consequences of his own *laches*.

We are of opinion that the judgment be affirmed and the case remanded for further proceedings.