## HARMON FOWLER v. THE STATE OF TEXAS.

1. It is not essential that the indictment should charge the offense in the precise language of the statute.
2. Indictment charging defendant with driving live stock out of *the* instead of *its* accustomed range, *held* sufficient.

APPEAL from Burnet.    Tried below before the Hon. E. B. Turner.

No brief for appellant has reached the Reporters.

*Attorney-General*, for the State.

OGDEN, P. J.—The indictment in this case is sufficient to support the charge of a violation of the law.    It is not always absolutely essential that the indictment should charge the offense in precisely the language of the statute; so that equivalent words or terms be used, it is, in most cases, sufficient.

To charge the defendant with driving live stock out of *the* instead of *its* accustomed range, is charging one and the same offense, and a palpable violation of the law. The court, therefore, did not err in overruling the exception to the indictment.    The evidence presented in the record is somewhat conflicting, but the court below, and the jury who tried this case, had greater opportunities of judging of the credibility of witnesses and the weight of testimony than this court has ; and where, as in this case, there was sufficient testimony, if uncontradicted and unexplained, to support a verdict of guilty, this court will rarely interfere with the verdict of the jury because the same is not supported by the evidence.    The law of the case was clearly and fully presented to the jury by the charge of the court, and we see no error in the judgment for which it should be reversed.    It is therefore affirmed.

AFFIRMED.