## TRINIDAD GUTIERREZ v. THE STATE.

1. RAPE—INDICTMENT.—An indictment charging that defendant, "with force and arms, in and upon J. A., a female of the age of ten years, then and there violently and feloniously did make an assault, and

her, the said J. A., then and there violently, against her will, and without the consent of her, the said J. A., did ravish and carnally know:" *Held*, Sufficient on a motion in arrest of judgment.

2. PRACTICE ON APPEAL.—See this case for many questions not considered because not presented by bill of exceptions.

APPEAL from Cameron. Tried below before the Hon. Edward Daughterty.

*Powers & Maxan*, for appellant.

*George Clark, Attorney General,* for the State.

REEVES, ASSOCIATE JUSTICE.—It was not error to overrule appellant's motion to arrest the judgment.

The grounds of the motion are that the indictment is vague and uncertain, and does not allege that the defendant had carnal knowledge of the injured female by force. The indictment charges that the defendant, "with force and arms, in and upon Julia Aquilar, a female of the age of ten years, then and there violently and feloniously did make an assault, and her, the said Julia Aquilar, then and there violently, against her will, and without the consent of 'her, the said Julia Aquilar, did ravish and carnally know."

Appellant insists that the indictment is defective, because it fails to charge that the offense was committed by either force, threats, or fraud, but uses the term "violently" in charging the crime, which he contends is not necessarily force, in the meaning of article 2184 of Paschal's Digest.

This article uses the term "force, threats, or fraud" in defining rape. The next article (2185) provides that the definition of force as applicable to assault and battery applies also to the crime of rape. The definition of force as applicable to assault and battery is the use of any unlawful violence upon the person of another with intent to injure, &c. (Article 2137.) An indictment charging that the assault was committed violently and feloniously was held to be sufficient under a statute in Massachusetts in which the word force was used in defining the offense of rape. (2 Bishop

on Criminal Procedure, 658, and authorities referred to.) The reverse seems to have been decided in Maine.

We think the indictment is sufficient under the Criminal Code of Texas without the aid of other authorities.

The alleged error of the court in compelling the defendant to accept or challenge a juror peremptorily, or for cause, is not shown by bill of exceptions or otherwise than in the motion for a new trial, and for that reason the ruling of the court is not a subject for revision. No error, however, is perceived in the ruling complained of, taking the statement as found in the motion to be true. Nor can it be determined whether there was error or not in the verdict of the jury without a statement of the facts in evidence. It is presumed to be correct in the absence of a statement of the facts. For the same reason the objection to the charge of the court and the refusal to give the charges asked by the defendant, and the objection to the competency of the injured party to testify as a witness, on the grounds stated in the motion for a new trial, cannot be revised. The objection to the competency of the witness should have been shown by bill of exceptions, stating the facts, to enable this court to examine and review the ruling.

As the case is presented we find no error in the judgment, and it is therefore affirmed.

AFFIRMED.