## J. GREENLEE *v.* THE STATE.

1. INDICTMENT — CERTAINTY. — An indictment is sufficiently certain if it charges the offense in plain and intelligible words, and with such certainty as will enable the accused to plead the judgment rendered upon it in bar of another prosecution for the same offense.

2. SAME — ASSAULT WITH INTENT TO COMMIT RAPE. — An indictment for this offense need not allege that the accused is a male, or that the assaulted female is a person in being.

3. SAME. — Indictment, alleging time and place, charged that the accused, "in and upon the body of E. G., then and there being a woman, did make an assault, and her, the said E. G., then and there did beat, wound, and ill-treat, with the intent then and there her, the said E. G., against her will and without her consent, then and there feloniously to rape and carnally know," etc. *Held*, sufficient in substance to charge an assault with intent to commit rape.

APPEAL from the District Court of Bell. Tried below before the Hon. L. C. ALEXANDER.

The case is sufficiently disclosed in the opinion.

*A. M. Monteith* and *J. M. Furman*, for the appellant.

*George McCormick*, Assistant Attorney-General, for the State.

WINKLER, J. The appellant was convicted of an assault with intent to commit rape, and his punishment assessed at confinement in the penitentiary for a period of two years. Motions for a new trial and in arrest of judgment were made in the District Court, which were by the court overruled, and this appeal is prosecuted.

The most important inquiry presented in the record in such manner as to be revised on appeal, and one which goes to the foundation of the prosecution, is as to the sufficiency of the indictment, the charging portion of which is as follows:

"Joseph Greenlee, in the county of Bell, in said state

of Texas, on the sixth day of September, Anno Domini one thousand eight hundred and seventy-three, then and there, in and upon the body of Eliza Gibson, then and there being a woman, did make an assault, and her, the said Eliza Gibson, then and there did beat, wound, and ill-treat, with the intent then and there her, the said Eliza Gibson, against her will and without her consent, then and there feloniously to rape and carnally know, and other wrongs to her, the said Eliza Gibson, then and there did, contrary," etc.

Several objections are urged against the sufficiency of the indictment, both in exceptions thereto taken before trial, and in the motion in arrest of judgment after trial, and all going, not to the form, but to the substance, of those portions which set out the offense.

It is urged that the indictment is defective in that it does not charge that the person upon whom the assault was alleged to have been committed was alive and in being; that it is not stated that the accused was a male person, or that he was a male person over the age of fourteen years, or that he was an adult male. These are matters of defense, or subjects of proof, rather than pleading. These objections are urged with skill and ability, and a reference to many authorities, which we have not deemed it necessary to examine, for the reason that the questions are settled by the provisions of our own Penal Code and Code of Criminal Procedure, and against the views contended for by counsel for the appellant. By the Penal Code it is provided:

" If any person shall assault a woman with intent to commit the offense of rape, he shall be punished," etc.; and " an assault with intent to commit any other offense is constituted by the existence of the facts which bring the offense within the definition of an assault coupled with an intention to commit such other offense." Code Cr. Proc., arts. 494, 499 (Pasc. Dig., arts. 2156, 2161).

The several requisites of an indictment are set out in

article 395 of the Code of Criminal Procedure (Pasc. Dig., art. 2863). The one applicable to the present case is as follows:

"The offense must be set forth in plain and intelligible words." "The certainty required in an indictment is such as will enable the accused to plead the judgment that may be given upon it in bar of another prosecution for the same offense." Code Cr. Proc., art. 398 (Pasc. Dig., art. 2865); *Phillips* v. *The State*, 29 Texas, 226, and authorities there cited.

The indictment certainly charges an assault; this is too clear for controversy. But does it charge the intent to commit the offense of rape? So far as the form of the charge is concerned, it cannot be objected to; but is it sufficient in substance to charge the intent requisite — or, in other words, to charge the offense committed — in plain and intelligible words?

The offense of rape is defined in article 523 of the Penal Code. The definition of the offense deemed applicable to the present inquiry is this: It is the carnal knowledge of a woman without her consent, obtained by force. Testing the indictment by these rules, we are of opinion it is sufficient to charge, not only that an assault was made, but that it was made with intent to have carnal knowledge of the female assaulted, without her consent and by force, and that the offense is set out with all the particularity requisite; and that an acquittal or a conviction under it could be successfully pleaded in bar of another prosecution for the same offense.

In the case of *Gutierrez* v. *The State*, 44 Texas, 587, the indictment was for rape of a child of the age of ten years. There the court held that, with reference to the charge, the definition of force applicable to assaults and batteries applied also to the crime of rape, and that the definition of

force applicable to assault and battery is "the use of any unlawful violence upon the person of another, with intent to injure," etc.    The charge there was that the assault was made "violently and feloniously," and it was held to be sufficient.

The charge here is that the accused " did make an assault, and her, the said    *    *    *, then and there did beat, wound, and ill-treat, with the intent then and there her, the said *    *    *,    against her will and without her consent, to rape and carnally know."    If the indictment in Gutierrez's case was sufficient to charge rape, we are of the opinion that the indictment in the present case must be held sufficient to charge an assault with intent to commit the offense of rape, under the rules laid down in the Code ; but especially is this so when we consider that it is expressly declared that the Code is intended to embrace rules applicable to the prevention and prosecution of offenses against the laws of this state, and to make the rules of proceeding, in respect to the prevention and punishment of offenses, intelligible to the officers who are to act under them, and to all persons whose rights are to be affected by them.    Code Cr. Proc., art. 14 (Pasc. Dig., art 2469).

We are not authorized to revise the action of the court in refusing a continuance, for the reason that no bill of exceptions was taken to the ruling.

With regard to the evidence, we deem it sufficient to support the verdict and judgment, and to negative the idea that the assaulted party acted in any other manner than as a modest and virtuous woman should, and a manner which contrasts very favorably with that of the accused on the occasion alluded to, if we may credit the testimony — and we see no reason to reject it.    Being alone with the defendant, and an humble individual on her way to her labor in the field, it is not at all remarkable that she did not then com-

mence to scream.   It is shown that she did report the oc-
currence to her husband at the very first opportunity that
she had.

Finding no error in the judgment, such as would warrant
a reversal, it is affirmed.

*Affirmed.*