### WILLIAM MENASCO v. THE STATE.

*No. 191. Decided February 17.*

**Breach of the Peace—Information.**—Where an information for a breach of the peace alleged that the accused did unlawfully, in the presence and hearing of the prosecutor, call said prosecutor a damned son-of-a-bitch, *held*, that it was sufficient, though not further charging in the statutory terms that said language was used "concerning him" (the prosecutor).

APPEAL from the County Court of Donley. Tried below before Hon. B. H. WHITE, County Judge.

Appellant was convicted under an information charging him with a breach of the peace, his punishment being assessed at a fine of $5.

A motion to arrest the judgment for insufficiency of the information was overruled. The motion was based upon the failure of the information to aver that the language used was used "concerning him," the prosecutor, those terms being used in the statutory definition of the offense. The information is set out in full in the opinion.

*Browning & Madden*, for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Omitting the formal portions, the information charges, that defendant " did then and there unlawfully use, in the pres-

ence and hearing of J. A. Fuson, violently abusive language to the said J. A. Fuson, to-wit, the said William Menasco did then and there unlawfully call the said J. A. Fuson a damned son-of-a-bitch; and the said abusive language was used by the said William Menasco to the said J. A. Fuson in the presence and hearing of said J. A. Fuson; and the said abusive language was reasonably calculated to provoke a breach of the peace, under the circumstances the said abusive language was used by the said Menasco. Against the peace and dignity of the State.''

Motion in arrest of judgment is based upon the omission of the statutory expression '' concerning him '' from the information. By the averments said information charges that the language was used in the presence, hearing, and to the said Fuson, and it was evidently '' concerning him,'' appellant calling him, said Fuson, '' a damned son-of-a-bitch.'' This sufficiently avers the language used was '' concerning him.'' Code Crim. Proc., arts. 428a, 428o. A conviction had upon the pleading can be plead successfully in bar of another prosecution for the same offense. Code Crim. Proc., art. 422; Willson's Crim. Proc., secs. 1959, 1960, 1970, 1984.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.