## Collin Robinson v. The State.

### No. 1888. Decided June 12, 1912.

### Rehearing denied June 28, 1912.

**1.—Robbery—Indictment—Violence—Force.**

Where, upon trial of robbery, the indictment alleged that the defendant with force and arms in the county and state aforesaid, did unlawfully and willfully by using and exhibiting a firearm, to wit, a pistol, fraudulently take from the person and possession and without the consent and against the will (naming the party injured and describing the property taken) with the fraudulent intent then and there, etc., the same was sufficient in alleging that the robbery was effected by violence. Davidson, Presiding Judge, dissenting.

**2.—Same—Rule Stated—Words and Phrases—Statutes Construed.**

It is not necessary to use the identical language of the statute, if words of similar import and meaning are used, and where the indictment used the words "with force and arms," the indictment must be held to charge that the offense was committed by force, in a prosecution for robbery, under article 1327, Revised Penal Code. Davidson, Presiding Judge, dissenting.

**3.—Same—Force—Violence—Words and Phrases.**

Under article 1327, Revised Penal Code, providing that if any person by assault, or violence, etc., shall fraudulently take, etc., an indictment which alleged that the defendant with force and arms did unlawfully and wilfully by using and exhibiting a firearm, to wit a pistol, did fraudulently take, etc., is equivalent to the word "violence" as used in said statute. Davidson, Presiding Judge, dissenting. Distinguishing Green v. State, recently decided; Bond v. State, 20 Texas Crim. App., 436.

**4.—Same—Statute Construed—Words and Phrases.**

While under article 460, Code Criminal Procedure, the words "with force and arms" are not necessary to the validity of an indictment, still they are not meaningless when they are used, and when used, the indictment must be held in connection with other allegations to charge that the offense was committed by force, and is equivalent to the statutory meaning of the word violence as used in article 1327, Revised Penal Code. Davidson, Presiding Judge, dissenting.

**5.—Same—Case Stated—Assault—Violence.**

Robbery may be committed by violence whether accompanied by an assault or not, and where the indictment charged that defendant with force and arms fraudulently took from the person and possession and without the consent and against the will of the party injured certain property, the same is sufficient although the word of the statute, "violence" is not used. Davidson, Presiding Judge, dissenting.

**6.—Same—Separate Offense—Statutes Construed.**

Under article 1327, Revised Penal Code, three separate and distinct modes are provided by which the offense of robbery may be committed; first, by assault; second, by violence; and third, by putting in fear of life or bodily injury, whether connected and accompanied or not by either of the other two modes, and when the indictment charged one of these modes the same is sufficient. Following Tones v. State, 48 Texas Crim. Rep., 369, and other cases.

Appeal from the District Court of McLennan. Tried below before the Hon. Marshall Surratt.

Appeal from a conviction of robbery; penalty, fifty years imprisonment in the penitentiary.

The opinion states the case.

*J. W. Taylor, Jr.,* for appellant.—Cited cases in minority opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—There is but one question presented in a way that we can review it, and that is the one insisting that the indictment does not charge an offense, in that it does not allege any of the elements of robbery, and does not allege that an assault was committed on the person, or that he was put in fear of life or serious bodily injury, or that violence of any degree was used.

The indictment charges "that on or about the 14th day of July in the year of our Lord nineteen hundred and eleven and₀ before the presentment hereof, with force and arms in the county and State aforesaid, Collin Robinson did unlawfully and wilfully by using and exhibiting a firearm, to wit, a pistol, fraudulently take from the person and possession, and without the consent and against the will of

J. A. Hunter, $31.25, lawful money of the United States of America, of the value of thirty-one and 25/100 dollars, the said property then and there being the corporeal personal property of the said J. A. Hunter with the fraudulent intent then and there of the said Collin Robinson to deprive the said J. A. Hunter of the value of the same and to appropriate the same to the use and benefit of him the said Collin Robinson, against the peace and dignity of the State."

Our statute provides: "If any person by assault or violence or by putting in fear of life, or bodily injury, shall fraudulently take from the person or possession of another any property with intent to appropriate the same to his own use, he shall be punished by confinement in the penitentiary for life, or for a term of not less than five years; and, when a firearm or other deadly weapon is used or exhibited in the commission of the offense, the punishment shall be death, or by confinement in the penitentiary for any term not less than five years. (Article 1327 Revised Criminal Statutes.)

In the case of Green v. State, recently decided by this court, it was held that an indictment which charged that the offense was committed by assaulting the person, or by either of the other modes, and that a firearm or other deadly weapon was used in making the assault, was not duplicitious, and charged only the graver grade of the offense defined by this article.

As contended by appellant in this case the indictment must allege, first, that the robbery was accomplished by means of an assault, or by violence, or by putting in fear of life or bodily injury, and then if it is sought to charge that the graver grade of the offense was committed, it must allege also that a firearm or other deadly weapon was used in the commission of the offense.

In Bond v. State, 20 Texas Crim. App., 436, Judge White, in discussing this statute, says: "We think it clear from the amendment that the legislative intent, by the use of the disjunctive 'or' between 'violence' and 'putting in fear,' etc., was to create another, and established thereby three modes by which the offense might thereafter be committed; viz., 1st, by assault; 2d, by violence; and 3d, by putting in fear of life or bodily injury, each being a separate and distinct mode within itself, whether connected and accompanied or not by either of the other two modes." Thus it is seen that the indictment must charge one or the other of these modes, and the sole question is, does it do either?

It is not necessary to use the identical language of the statute if words of similar import and meaning are used. In the case of Thompson v. State, 16 Texas Crim. App., 75, Judge Willson, speaking for the court, said: "While it is the safer practice to use the precise words of a statute in charging the offense, it is not always essential to do so. If the indictment follows the statute in substance, it will suffice. If the offense be set forth in plain and intelligible words,

which are of equivalent or more extensive meaning than those used in the statute in defining the offense, the indictment will be good." In the case of Runnells v. State, 34 Texas Crim. Rep., 432, in an opinion by Presiding Judge Davidson, it was held: " 'Attempt,' used in the indictment, sufficiently charges 'intent' in setting forth the offense of assault with intent to commit robbery. 'Words used in a statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning, or which include the sense of the statutory words.' Willson's Code Crim. Proc., article 428o. It is generally sufficient, in charging an offense, to follow the language of the statute, or use words of equivalent or more comprehensive meaning. See Willson's Crim. Stats., section 1955, for cases cited. The word 'attempt,' as used here, is of more comprehensive meaning than the word 'intent,' which it is contended should have been used. The offense charged 'in ordinary and concise language, in such manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court on conviction to pronounce the proper judgment.' Willson's Code Crim. Proc., article 428a. And its averments are sufficiently certain to 'enable the accused to plead the judgment given upon it in bar of any prosecution for the same offense.' Id., article 422. Tested by these rules, the indictment is sufficient." Atkinson v. State, 34 Texas Crim. Rep., 424; Ross v. State, 30 S. W. Rep., 1065. All of these were indictments for robbery, and in all of them it is held that words of similar import and meaning may be used in charging the offense, instead of the identical words used in the statute; and this has always been the rule in Texas. Other cases so holding: Drummond v. State, 2 Texas, 156; Bigham v. State, 31 Texas Crim. Rep., 244; Mathews v. State, 36 Texas, 675; Fowler v. State, 38 Texas, 559; Caldwell v. State, 2 Texas Crim. App., 53; Sansbury v. State, 4 Texas Crim. App., 99; Warder v. State, 29 Texas Crim. App., 534; Williams v. State, 27 Texas Crim. App., 260; Menasco v. State, 32 Texas Crim. Rep., 582; Bigham v. State, 31 Texas Crim. Rep., 249, and cases there cited.

In Reardon v. State, 4 Texas Crim. App., 610, it is held that an indictment charging robbery is sufficient if it substantially follows common law precedents. (See also Trimble v. State, 16 Texas Crim. App., 115; Burns v. State, 12 Texas Crim. App., 269.) And in Smith's case, 2 East P. C., 784, it was held that the word "violently" need not be used provided it clearly appears from the other averments of the indictment that violence was used. In the Encyclopaedia of Practice, vol. 18, it is said: "The words 'violent' and 'violently' are generally used in describing the manner in which the offense (robbery) was committed, but other words of the same meaning may be employed," citing State v. Brewer, 53 Iowa, 735; State v. Kegan, 62 Iowa 106; Com. v. Mowry, 11 Allen (Mass.) 20; State v. Brown,

113 N. C. 645; McTigue v. State, 4 Baxt. (Tenn.) 313; Smith's Case, 2 East P. C., 784.

In vol. 29, Am. & Eng. Ency. of Law the terms "violent" and "violence" are thus defined: " 'Violent' is defined as moving or acting with physical strength, urged or impelled with force; acting that is characterized or produced by improper force; 'violence' is a general term and includes all sorts of force," citing authorities, among others, being the case of State v. Wells, 31 Conn. 212, wherein it was held: "The term 'violence' is synonymous with physical force, and the two are used interchangeably, in relation to assault by elementary writers. 2 Bishop's Crim. Law, secs. 32-34." Also the case of Walling v. State, 7 Texas Crim. App., 626, wherein it was held by this court: "The term 'violently' as used in the indictment is equivalent to the word 'forcibly' and supplies its place." And in volume 13 of Am. & Eng. Ency. of Law, 740, it is said: "Force means violence," citing, among other cases, Gutierrez v. State, 44 Texas, 587, wherein it was held, where the word "force" was used in the statute and the word "violently" in an indictment charging the offense, that they were synonymous, citing also Com. v. Fogerty, 8 Gray (Mass.), 489; State v. Johnson, 67 N. C., 55; State v. Daly, 16 Ore., 241; Williams v. Com., (Ky.) 50 S. W. Rep., 240; Long v. State, 12 Ga. 293.

Mr. Bouvier in his standard law dictionary says "violence" is synonymous with physical force and the two are used interchangeably in relation to assault by elementary writers. Mr. Chitty in his work on Criminal Law, vol. 1, page 240, says: "The words 'with force and arms' were by the common law necessary in indictments for offenses which amount to an actual disturbance of the peace, or consist in any way of acts of violence, but they were never necessary where the offense consisted of a cheat, or nonfeasance. . . . But the statute, 27 Henry, 8, ch. 8, reciting, that several indictments had been deemed void for want of these words, when in fact no such weapons had been employed, enacted, 'that the words, vi et armis' shall not of necessity be put in any indictment. Upon the construction of this statute, there seems to have been entertained very great doubts. Many indictments for trespasses and other wrongs accompanied with actual violence, have been deemed insufficient for want of the words 'with force and arms'; and on the other hands, the court has frequently refused to quash proceedings where they have been omitted; and the last seems to be the better opinion, for otherwise the terms of the statute appear to be destitute of meaning. It seems to be generally agreed, that where there are any other words implying force, the omission of vi et armis, is sufficiently supplied. But it is at all times, safe and proper to insert them, whenever the offense is attended with an actual constructive force." Our statute, article 460 of the Code of Criminal Procedure, has provided that in no case is the use of the words "with force and arms" necessary to the validity of an indictment, but in no case where they are used have they been

held to be meaningless, and as they are used in this indictment to give to them the meaning that has been given them by all the text writers, the indictment would be held to charge that the offense was committed by force; and article 460 further provides that "an indictment for any offense against the penal laws of this State shall be deemed to be sufficient which charges the commission of the offense in ordinary and concise language in such manner as to enable a person of common understanding to know what is meant."

It may be conceded that the indictment does not sufficiently allege the elements of the definition of the word "assault" as used in the statute, and if that was the only mode or means a robbery could be committed, the indictment would be insufficient, but as shown in the Bond case, supra, that is only one of the modes, and that another mode is named "violence," and as said by Judge White, each one is a "separate and distinct mode within itself, whether connected and accompanied or not by either of the other two modes." This question is again discussed in Tones v. State, 48 Texas Crim. Rep., 369, and the rule announced in the Bond case is approved, and it is again held that robbery may be committed by violence whether accompanied by an assault or not. The indictment charges that "with force and arms appellant fraudulently took from the person and possession, and without the consent and against the will of Hunter" certain property, and while the word "violence" is not used, yet the word "force" is used, and this, in connection with the other words used in the indictment, sufficiently charged that the robbery was accomplished by violence as that term is used in the statute defining robbery. It would be better in an indictment to use the words the statute makes use of, but when a pleader does not do so, if he uses words conveying the same import and meaning, it has always been held by this court that the indictment should not be quashed, and as shown by the decisions hereinbefore cited, as the indictment alleges that robbery was accomplished by force against the will of the person robbed, the words necessarily import that the robbery was accomplished by violence. No one can read this indictment as a whole and not be impressed that it alleges the offense was committed by violence.

It is contended that the case of Green v. State, recently decided by this court, is authority for holding this indictment defective, but a careful reading of that case will show otherwise. In that case we held that in the indictment, to charge robbery, it was "absolutely essential that some one or the other or all of the manners in which it may be committed, that is, by assault or by violence, or by putting in fear of life or by putting in fear of bodily injury, shall be alleged," and we still so hold, and such holding is in accordance with the opinions of this court in the Bond and Tones cases hereinbefore referred to; and we further hold that this indictment sufficiently alleges one of the modes, that is, by violence, and it is not necessary to allege the other two. We furthermore held in the Green case, supra, that if it was

desired to charge the graver grade of the offense of robbery, that the indictment must allege that a firearm or other deadly weapon was used or exhibited in accomplishing the robbery by the mode alleged. This indictment does that, and is in exact accord with our holding in the Green case. And we also held in the Green case that an indictment thus framed was not duplicitious and did not charge more than one offense. To use a simple illustration: If it is desired to charge an assault, the pleader might allege that one person made an assault by striking the other with a piece of iron; this would only charge simple assault; but if he should charge that one person made an assault by striking another with a piece of iron, the said piece of iron being a deadly weapon, the indictment would charge an aggravated assault, a graver grade of assault wherein the penalty is made more severe, and such an indictment would not charge two offenses. So in an indictment for robbery, the indictment must allege that it was accomplished by one of the modes named in the statute, and this would charge the lesser grade of the offense; but if it is desired to charge the graver grade of the offense, then it must be alleged that a firearm or other deadly weapon was used in accomplishing the offense in the mode alleged. Mr. Archibald in his Criminal Pleading says: "Where a statute annexes a higher degree of punishment to a common law felony, if committed under particular circumstances, an indictment for the offense, in order to subject the defendant to the higher degree of punishment, must expressly charge it to have been committed under these circumstances."

The court did not err in overruling the motion to quash the indictment, and there being neither statement of facts nor bills of exception in the record, the judgment is affirmed.

*Affirmed.*

[Rehearing denied June 28, 1912.—Reporter.]

DAVIDSON, PRESIDING JUDGE (dissenting).—In the recent case of Green v. State, the majority of the court expressly overruled the case of Murdock v. State, 52 Texas Crim. Rep., 262. In doing so Judge Prendergast used this language: "In charging robbery it is absolutely essential that some one or the other or all of the manners in which it may be committed, that is, by assault or by violence, or by putting in fear of life or by putting in fear of bodily injury, shall be alleged and if it is sought to inflict the greater penalty for the offense, then, in addition to the above necessary allegations in the indictment, the pleader must further allege that, whichever way, or all the ways above charged have been used, the fact that 'a firearm or other deadly weapon was used or exhibited in the commission of the offense.' " The indictment in this case charges that appellant "did unlawfully and wilfully by using and exhibiting a firearm, to wit, a pistol, fraudulently take from the person and possession, and without the consent, and against the will of J. A. Hunter, $31.25, lawful money of the United States

of America, etc. It will be noticed that the indictment does not charge any of the means, either of assault or violence, or putting in fear of life or bodily injury as held in the Green case, supra, to be "absolutely necessary." In setting out the formal parts of the indictment the pleader used the stereotyped and unnecessary statement "by force and arms in the county," etc. My brethren have taken this allegation and made it supply a necessary averment in the indictment growing out of the definition of the statutory offense of robbery. Nowhere that I have been able to discover has the expression "by force and arms" been held any longer necessary in an indictment. It is not so even in England; it is not so in Texas by express provision of Code of Criminal Procedure, article 460. Article 460 expressly provides that it is not necessary to allege "force and arms" in an indictment. If "force and arms" is a necessary allegation or takes the place of a necessary allegation, the Legislature can not dispense with its averment and this by all the authorities. It is not a part of the offense; it does not form any element in the definition of the offense. If the expression "by force and arms" is to be taken as a charge in the indictment of *"violence,"* then wherever that term occurs in an indictment it becomes a part of the accusation in the indictment against the accused. If a party wishes to charge, for instance, theft from the person and the term "by force and arms" is used in the indictment, it would not charge that offense but it would charge robbery. And so of theft in any of its forms. Suppose a party was charged with fornication or adultery, then if the pleader should happen to use the expression "by force and arms" he would have a case charging the offense by means of *"violence."* Suppose a party was charged with seduction, and the indictment charged that he did "by force and arms" seduce, that term being equivalent to *"violence,"* he would charge a seduction "by violence" and not by the insinuating arts and means of beguilement by which the amorous passion of the seduced is won. The expression "by force and arms" has never been at any time held to take the place of a necessary allegation setting forth the definition of an offense. The cases cited by my brethren are not in point and in fact have no bearing on the proposition involved. In overruling the Murdock case it was eliminated as authority in Texas and it is, therefore, no longer the law unless the majority opinion has reinstated it. I am at a loss and really do not know whether my brethren intend to restore the Murdock case and overrule the Green case, or to hold that the Murdock case and the Green case are both authority, although they have held that they are flatly in contradiction with each other. I am fully persuaded, however, whatever may be meant in these contradictory opinions, that the term "by force and arms" used in the indictment does not charge either an assault or violence, or putting in fear of life or bodily injury. I had hoped that in deciding these cases that the rule would be fixed so that hereafter the bar and bench might understand what was a sufficient indictment in charging robbery.

Under the Green case it was necessary to charge in the indictment one of the means. Under the opinion of the majority in this case it is unnecessary to charge any of said means. In the Murdock case it was held that where the indictment understood to charge both definitions of robbery, one being noncapital and the other capital, they could not be charged in the same count. That question does not arise in this case. The indictment simply was undertaking in this case to charge a capital offense. If it was necessary as my brethren held in the Green case that one of the statutory means, that is, an assault or violence, or putting in fear of life or bodily injury, was necessary, then this indictment is fatally defective for neither of the means is charged in this indictment.

I say this much inasmuch as I do not understand what is intended to be decided in this case, viewed in the light of the Green case. This judgment under the Green case ought to be reversed. I therefore enter my dissent.