## MOODY GREEN v. THE STATE.

### No. 2582.    Decided October 15, 1913.

**1.—Using Abusive Language—Indictment—Precedent.**

Where, upon trial of using abusive language, the indictment was drawn under article 1020, Penal Code, and followed approved precedent, there was no error in overruling a motion to quash. Following Foreman v. State, 31 Texas Crim. Rep., 477, and other cases.

**2.—Same—Tampering With File Mark—Statement of Facts.**

Where the statement of facts and bills of exception were not filed in time, they must be stricken out on motion of the State. See opinion as to tampering with file marks.

**3.—Same—Statement of Facts—Approval by Judge.**

Where the statement of facts was not approved by the trial judge, the same could not be considered on appeal.

Appeal from the County Court of Shelby. Tried below before the Hon. Edgar W. Hooker.

Appeal from a conviction of using abusive language; penalty, a fine of $25.

The opinion states the case.

*T. H. Postell,* for appellant.—On question of insufficiency of indictment: Elkins v. State, 9 S. W. Rep., 491; Chambless v. State, 79 S. W. Rep., 577; Jarnigan v. State, 6 Texas Crim. App., 465.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, PRESIDING JUDGE.—From a conviction and fine of $25 for abusive language under article 1020, Penal Code, appellant appeals.

The indictment is good under the statute and decisions and form laid down by Judge White, and the court correctly overruled appellant's motion to quash it. Foreman v. State, 31 Texas Crim. Rep., 477; Trezevant v. State, 47 Texas Crim. Rep., 502; Menasco v. State, 32 Texas Crim. Rep., 582; Bryson v. State, 39 S. W. Rep., 365; White's Ann. P. C., sec. 986.

There is a suggestion by the Assistant Attorney-General that the file mark on the purported statement of facts and bills of exception have been tampered with; that they show to have been filed in the court below on May 27, 1913, and then the 7 erased and 3 placed instead. The court below adjourned on May 3, 1913, and even if twenty days had been allowed to file these papers, filing on May 27th would be too late, and he moves to strike out all these papers.

What purports to be a statement of facts has not been approved by the county judge. It can not be considered. · See cases cited by Branch's Crim. Law, sec. 40.

Without a statement of facts none of appellant's bills are in a condition to be passed on by this court.

The judgment will be affirmed.

*Affirmed.*