Jimmy Wade HAMILTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 1002–83.

Court of Criminal Appeals of Texas, En Banc.

Sept. 19, 1984.

James A. Johnston, Dallas, for appellant.

Tommy W. Wallace Dist. Atty., Canton, Robert Huttash, State's Atty., and Alfred Walker, First Asst. State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

The court of appeals reversed this conviction for unlawful possession of a firearm by a felon,[1] holding that arson is not a crime of violence *per se*, and that the State had therefore failed to prove that appellant had previously been convicted of a crime of violence.

One who starts a fire or causes an explosion with intent to destroy or damage a building, habitation or vehicle[2] necessarily exerts a physical force—the fire. (Although the oxidation reaction is, strictly speaking, chemical in nature, the fire surely possesses the "capacity to ... cause physical change," see American Heritage Dictionary of the English Language, "force", definition No. 1, p. 513 (1982). That force is exerted *so as to ... damage* by definition of the required accompanying intent, and this is true regardless of whether or not the object of the offense is attained by actual destruction of, or damage to, the target of the arson.

The position of the court of appeals in this cause is analogous to holding that, because a gunshot fired with the intent to maim a complainant misses its target, the shooter of the gun, although guilty of aggravated assault (and not merely of an inchoate offense), has not committed a crime of violence.

Violence inheres, not in the result, but in the intent and the act. Because violence is inherent in the setting of a fire with intent

to destroy or damage, and because the crime of arson requires that action and more, we hold that arson is a crime of violence *per se*.

The judgment of the court of appeals is reversed. Appellant having raised in that court no other grounds of error, the judgment of conviction is affirmed.

ODOM, Judge, dissenting.

Because the majority opinion ignores established law, I must dissent.

V.T.C.A., Penal Code Sec. 46.05 is entitled "Unlawful Possession of Firearm by Felon" and provides in part:

"(a) A person who has been convicted of a felony involving an act of violence or threatened violence to a person or property commits an offense if he possesses a firearm away from the premises where he lives."

Although Section 46.05 authorizes conviction for threatened violence, only actual violence to property was alleged in the indictment. The State introduced appellant's pen packet to prove his prior felony conviction for arson. The arson indictment alleges appellant did "intentionally and knowingly start a fire in a building ... with intent to damage and destroy said building." The conviction records in the pen packet do not indicate whether the building was actually harmed or damaged and the State did not offer any evidence as to the circumstances surrounding the commission of the prior offense.

The State asserts that the offense of arson should be held to be in the same category of offenses as robbery by assault which is a felony involving violence or threatened violence as a matter of law. *Scott v. State*, 571 S.W.2d 893, 895. Not all felonies, however, involve an act of vio-

---

1. V.T.C.A., Penal Code, Sec. 46.05(a) provides:
 (a) A person who has been convicted of a felony involving an act of violence or threatened violence to a person or property commits an offense if he possesses a firearm away from the premises where he lives.

2. See V.T.C.A., Penal Code, Sec. 28.02(a). The action described is a necessary (although not sufficient) condition to the commission of arson; i.e., it is an element of that crime.

lence or threatened violence as a matter of law. For instance, rape and burglary are not felonies involving violence as a matter of law. *Ex parte Eldridge*, 572 S.W.2d 716; *Tew v. State*, 551 S.W.2d 375. The State must prove the offense involved an act of violence or threatened violence by offering evidence as to the circumstances surrounding the offense when the alleged offense does not consist of an act of violence as a matter of law. *Schutz v. State*, 646 S.W.2d 224.

Violence is commonly defined as the exertion of any physical force so as to injure, damage or abuse. *Robinson v. State*, 67 Tex.Cr.R. 79, 149 S.W. 186, 187; *Alexander v. State*, 40 Tex.Cr.R. 395, 50 S.W. 716, 717. See also Black's Law Dictionary, Violence (rev. 5th ed. 1979). Since the State did not allege "threatened violence" to property in the indictment, some type of actual violence must have been proven. The elements of arson under V.T.C.A., Penal Code Sec. 28.02, do not require harm or threatened harm to property. The offense of arson is complete when the actor starts a fire with the intent to destroy or damage the building whether or not damage of any kind actually occurs. *Beltran v. State*, 593 S.W.2d 688. It was incumbent upon the State to prove the circumstances surrounding the conviction for arson to demonstrate that some type of violence did occur. Arson does not involve violence to property as a matter of law. Because the majority opinion ignores this rule of law, I must dissent.

CLINTON and TEAGUE, JJ., join this dissent.