Albert Wayne WARE, Appellant,

v.

The STATE of Texas, Appellee.

No. 395–83.

Court of Criminal Appeals of Texas, En Banc.

April 6, 1988.

Lance Hall, Sweetwater, for appellant.

Rusty Carroll, Former Dist. Atty., Sweetwater, and Lonnie Markley, Asst. Dist. Atty., Colorado City, Robert Huttash, State's Atty., and Alfred Walker, First Asst., State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Judge.

Appellant was convicted by a jury for violating the provisions of V.T.C.A., Penal Code, Section 46.05(a), which states:

"A person who has been convicted of a felony involving an act of violence or threatened violence to a person or property commits an offense if he possesses a firearm away from the premises where he lives."

Punishment, enhanced pursuant to V.T.C.A., Penal Code, Section 12.42(a), was assessed by the jury at thirteen years' confinement and a $2500.00 fine.

Appellant appealed his conviction to the Eastland Court of Appeals. While appellant alleged three grounds of error, the Court of Appeals found merit in his first contention and accordingly addressed only that argument. Appellant's argument involves a claim that the State introduced insufficient evidence to support the conviction. The Court of Appeals agreed and ordered appellant acquitted of the offense charged. *Ware v. State*, 677 S.W.2d 546 (Tex.App.–Eastland 1983). The State has petitioned this Court for discretionary review which we have granted.

As part of the burden to sustain a conviction for violation of V.T.C.A., Penal Code, Section 46.05, it is necessary for the State to allege and prove that the defendant has been previously convicted of a violent felony. Appellant maintains that the State failed to meet its burden of proof in this respect. He reasons that unless a

felony is one which is violent *as a matter of law* the State must prove that the felony did *in fact* involve violence or the threat of violence to either persons or property. We find appellant's basic contention to be sound. We also find, however, that the State made a sufficient showing to meet its burden, and therefore, we reverse the judgment of the Court of Appeals and affirm appellant's conviction.

Appellant's previous conviction was for involuntary manslaughter, pursuant to V.T.C.A., Penal Code, Section 19.05(a). Appellant maintains that the offense of involuntary manslaughter is not a violent felony as a matter of law and that it is incumbent on the State to prove that appellant in fact committed acts or threatened to commit acts of violence.

The offense of involuntary manslaughter is defined in V.T.C.A., Penal Code, Section 19.05 as follows:

"(a) A person commits an offense if he:
   "(1) recklessly causes the death of an individual; or
   "(2) by accident or mistake when operating a motor vehicle while intoxicated and, by reason of such intoxication, causes the death of an individual.
"(b) For purposes of this section, 'intoxication' means that the actor does not have the normal use of his mental or physical faculties by reason of the voluntary introduction of any substance into his body."

The question before this Court is, in a narrow sense, one of first impression, to-wit: whether the offense of involuntary manslaughter is an act of violence as a matter of law? [1]

In the case of *Hamilton v. State*, 676 S.W.2d 120 (Tex.Cr.App.1984), this Court stated:

"Violence inheres, not in the result, but in the intent and the act. . . ." 676 S.W.2d at 121.

In the *Hamilton* case, this Court established that in determining if an act of violence has occurred, the focus must be on the intent of the actor and the concurrence between that mental state and the act which creates the injury. The clear holding of *Hamilton* requires that any crime which involves an "act of violence" is by definition one which requires a culpable mental state on the part of the offender. [2]

In accordance with this Court's holding in Hamilton, supra, a violent act cannot be committed accidentally or by mistake. These are precisely the terms used in Section 19.05(a)(2), supra, in describing the manner in which an intoxicated driver causes the death of someone. We cannot, therefore, say *as a matter of law* that every violation of Section 19.05, supra, involves an act of violence. [3]

Section 19.05 encompasses two separate and distinct methods of committing involuntary manslaughter. Therefore, mere allegations that a defendant was convicted of involuntary manslaughter would not be sufficient in meeting the State's burden of proof under V.T.C.A., Penal Code, Section 46.05. Such a bare-bones assertion is erroneous as it is conclusory. The offense of involuntary manslaughter is not a violent

---

1. The problem of determining what constitutes "an act of violence or threatened violence" within the meaning contemplated by Section 46.05 has been addressed by this Court on other occasions. See *Wisdom v. State*, 708 S.W.2d 840 (Tex.Cr.App.1986); *Powell v. State*, 538 S.W.2d 617 (Tex.Cr.App.1976).

2. An effort at determining the legislative intent behind this statute supports this position. The State Bar Committee which was assigned to investigate and implement the revisions to our previous penal code proposed a set of revisions which became the blueprint for our present penal code which was adopted in 1974. The proposed revision which is predecessor to our present Section 46.05 would have made it a third degree felony for someone convicted of a prior felony involving the "intentional or knowing use" of force to carry a firearm. See Texas Penal Code, A Proposed Revision, State Bar Committee on Revision of the Penal Code, Final Draft (October 1970).

3. In this regard, we find no error in the reasoning of the Eastland Court of Appeals.

felony as a matter of law, accordingly, the State must show that under the facts of the defendant's case the crime was a crime of violence.

■ We therefore, hold that when a crime is one which, as a matter of law always involves an act of violence, it is sufficient, in a prosecution such as the one at bar, for the State to prove only that (1) the defendant intentionally possessed a firearm outside of his home and (2) that he was previously convicted for the crime of violence in question. When the crime is not inherently violent a determination must be made by the trier of fact that the crime for which the defendant was previously convicted was one which involved an act of violence under the facts and circumstances of that case. In the latter circumstance, the State must provide proof that the prior felony was committed in a violent manner, or more precisely involved an act of violence or threatened violence. See e.g., *Wisdom v. State,* supra; *Gardner v. State,* 699 S.W.2d 831 (Tex.Cr.App.1985); *Ex Parte Eldridge,* 572 S.W.2d 716 (Tex.Cr. App.1978); *Tew v. State,* 551 S.W.2d 375 (Tex.Cr.App.1977).

■ We now turn our attention to the claim advanced by the appellant which asserts that the State produced insufficient evidence to prove a necessary element of the offense, that is, that the prior felony conviction alleged was for one involving an act of violence.

On cross-examination, the State asked the following questions and received the following answers from appellant:

"Q. Mr. Ware, who did you kill in Fort Worth?

"A. It was Mr. Binghouse.

" * * *

"A. No, it wasn't intentional.

"Q. Okay. How was he killed.

"A. I can't give you the facts. I was in a state of mind that I can't describe.

"Q. Well, was he killed with a gun, a knife, or what?

"A. He was killed with a gun.

" * * *

"Q. They had you originally charged with murder in Fort Worth?

"A. Originally they did, and I couldn't honestly plead guilty to that, because there was no intention for me to do any of that.

"Q. What kind of gun, I asked you a little while ago, but what kind of gun did you kill your stepdad with?

"A. It was a twenty-two.

"Q. Was it a rifle or a handgun?

"A. It was a handgun."

We find that the jury heard sufficient evidence to establish that the appellant was convicted of involuntary manslaughter as it is defined under Section 19.05(a)(1), supra, rather than involuntary manslaughter as it is defined under Section 19.05(a)(2). This is all the State needed to do to show that the type of involuntary manslaughter appellant committed is a crime involving an act of violence.[4] For this reason, the judge's instruction on this issue was proper, and the jury made a complete factual determination based on sufficient evidence before them.

The judgment of the Court of Appeals is reversed and this cause is remanded for consideration of appellant's remaining grounds for review.

MILLER and DUNCAN, JJ., concur in the result.

CLINTON and TEAGUE, JJ., dissent.

---

4. See, *Hamilton v. State,* supra, (discussed at p. 854 et seq., of this slip opinion).