**Robert Mark BRIMBERRY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–87–00213–CR.**

Court of Appeals of Texas,
Tyler.

July 7, 1989.

J. Brad McCampbell, Emory, for appellant.

Frank Long, Dist. Atty., Sulphur Springs, for appellee.

SUMMERS, Chief Justice.

Appellant, Robert Mark Brimberry, was convicted by a jury of unlawful possession of a firearm by a felon. The jury assessed his punishment at ten (10) years' confinement and a $1,000.00 fine. We affirm.

On July 8, 1986, Rains County Deputy Sheriff, Tom P. Jenkins, stopped an automobile[1] driven by Brimberry in Rains County. The time was approximately 3:00 a.m., and Jenkins observed the vehicle swerve across the center stripe of the highway into the oncoming lane of traffic. When Jenkins asked to see his driver's license, Brimberry laid his hand on a sawed-off shotgun lying beside his leg. Jenkins convinced Brimberry to release the gun, removed Brimberry and his passenger from the car, and placed them under arrest. A search of the automobile revealed a loaded .25 caliber automatic Raven Arms pistol. Jenkins testified that the pistol was located in the floorboard area near the driver's feet.

Brimberry was charged with unlawful possession of a firearm by a felon. Tex.Penal Code Ann. § 46.05 (Vernon 1989).[2] The indictment alleged possession of the Raven Arms pistol and named Brimberry's prior conviction for criminal mischief as the felony involving an act of violence or threatened violence to property.[3] The indictment contained two enhancement paragraphs alleging Brimberry's prior felony convic-

tions, theft and burglary of a vehicle. At the trial on punishment, the State introduced pen-packets for each of these felonies. Brimberry admitted in his testimony that he had been convicted of the crimes, although he pleaded "not true" to the enhancement paragraphs. The jury determined that the allegations in the two enhancement paragraphs were not true, and assessed Brimberry's punishment at ten years' confinement and a $1,000.00 fine.

Brimberry brings eleven points of error. In his first two points, he contends that the evidence was insufficient to prove the culpable mental states alleged in the indictment, intentional and knowing.[4]

In reviewing the sufficiency of the evidence, we must consider the evidence in the light most favorable to the prosecution, affirming if any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Humason v. State,* 728 S.W.2d 363, 366 (Tex. Cr.App.1987). As with all elements of an offense, the State must prove the mens rea element beyond a reasonable doubt. *Id.* at 366. However, the mental state may be inferred from the acts, words and conduct of the accused. *Dues v. State,* 634 S.W.2d 304, 305 (Tex.Cr.App.1982). Viewing the evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could have inferred the mental states of intentional or knowing. Brimberry's first two points of error are overruled.

In his third point of error, Brimberry claims the evidence was insufficient to

---

1. A 1975 Chevrolet Malibu Classic which belonged to Sandra Milam, Brimberry's girlfriend at the time.

2. Section 46.05. Unlawful Possession of Firearm by Felon.
   (a) A person who has been convicted of a felony involving an act of violence or threatened violence to a person or property commits an offense if he possesses a firearm away from the premises where he lives.
   (b) An offense under this section is a felony of the third degree.

3. The pertinent part of the indictment reads as follows:
   [T]hat Robert Mark Brimberry, on or about the 8th day of July, 1986, and before the

presentment of this indictment, in said County and State, did then and there intentionally and knowingly possess a firearm, to-wit: a Raven Arms .25 caliber automatic handgun, Model Number P-25, Serial Number 462919, away from the premises where he lived; and prior to the commission of said act, the said Robert Mark Brimberry, was duly and legally convicted of the offense of Criminal Mischief, being a felony involving an act of violence or threatened violence to property, to-wit: May 17, 1982, Cause Number F-82-80470-LP, in the 203rd Judicial District Court of Dallas County, Texas, in a case on the docket of said Court, and entitled the State of Texas vs. Robert Mark Brimberry.

4. As required by Tex.Penal Code Ann. § 6.02 (Vernon 1974).

prove that he possessed the firearm alleged in the indictment. The indictment alleged that Brimberry did "intentionally and knowingly *possess* a firearm, to-wit: a Raven Arms .25 caliber automatic hand gun...." (Emphasis added.)

Jenkins testified the pistol was located in the floorboard area below the driver's feet in plain view. Sandra Milam testified that the pistol was hers and that Brimberry did not know its whereabouts. However, Milam admitted that she and Brimberry had been intimately involved for the six months preceeding his arrest and that he frequently borrowed her car. Moreover, she testified that she purchased the pistol and ammunition from two different acquaintances approximately four months before Brimberry's arrest, but could not remember from whom. When Milam retrieved her automobile after the arrest, she did not attempt to claim the pistol.

Tex.Penal Code Ann. § 1.07(a)(28) (Vernon 1974) defines possession as "actual care, custody, control, or management." In *Hazel v. State*, 534 S.W.2d 698, 700 (Tex.Cr.App.1976), the Court of Criminal Appeals held proof that a pistol was found on the floorboard of an automobile, partially under the driver's seat, sufficient to establish "possession" of the weapon by the driver. Viewing the evidence in the instant case in the light most favorable to the prosecution, we conclude that a rational trier of fact could have determined beyond a reasonable doubt that Brimberry "possessed" the pistol located on the floorboard under the driver's seat. Point of error number three is overruled.

In his fourth point of error, Brimberry asserts that the trial judge erred in his charge on guilt/innocence by instructing the jury that as a matter of law criminal mischief is a felony involving an act of violence or threatened violence to property.

The indictment against Brimberry alleged that, prior to the primary offense, he was on May 17, 1982, "duly and legally convicted of the offense of criminal mis-

chief, being a felony involving an act of violence or threatened violence to property...." The court's charge at the guilt/innocence stage of the trial contained the following instruction:

You are further instructed that the offense of criminal mischief is a felony involving an act of violence or threatened violence to property.

Brimberry objected to the instruction, asserting that the offense of criminal mischief is not violent per se.

The elements of the offense of possession of a firearm by a convicted felon are as follows:

(1) a person
(2) who has been convicted of a felony
(3) *involving an act of violence or threatened violence to a person or property* (Emphasis theirs.)
(4) who possesses a firearm
(5) away from the premises where he lives.

*Gardner v. State*, 699 S.W.2d 831, 833 (Tex.Cr.App.1985).

The State introduced into evidence the indictment and judgment in the May 17, 1982, Dallas County criminal mischief conviction. This indictment, charging a felony offense of criminal mischief under Tex.Penal Code Ann. § 28.03(a)(1),[5] alleged that Brimberry "did unlawfully, then and there knowingly and intentionally *damage and destroy* tangible property, namely, an automobile door without the effective consent of Wayne Noble Heermans the owner; the said damage and destruction amounting to a pecuniary loss of at least $200.00 but less than $10,000.00." (Emphasis ours.)

Violence is commonly defined as the exertion of any physical force so as to injure, damage or abuse. *Robinson v. State*, 67 Tex.Cr.R. 79, 149 S.W. 186, 187 (1912); *Alexander v. State*, 40 Tex.Cr.R. 395, 50 S.W. 716, 717 (1899); *see also* BLACK'S LAW DICTIONARY 1408 (5th ed. 1979).

The Court of Criminal Appeals has determined that violence is inherent in some

**5.** Tex.Penal Code § 28.03(a)(1) (Vernon 1989) provides that a person commits an offense of criminal mischief if, without the effective consent of the owner, he intentionally or knowingly damages or destroys the tangible property of the owner.

felonies, such as arson, *Hamilton v. State*, 676 S.W.2d 120, 121 (Tex.Cr.App.1984), and robbery by assault, *Scott v. State*, 571 S.W.2d 893, 895 (Tex.Cr.App.1978), rendering them violent per se. Violence inheres, not in the result, but in the intent and act. No fact issue arises as to whether these felonies involve violence or threatened violence to persons or property.

■■■ We conclude that violence is inherent in the act of a person who, without the effective consent of the owner, intentionally or knowingly damages or destroys the tangible property of the owner. Accordingly, we hold that criminal mischief as defined in section 28.03(a)(1) of the Texas Penal Code is a crime of violence per se. We further hold that the indictment alleges and the judgment recites that the May 17, 1982, Dallas County conviction of criminal mischief is a crime involving violence as a matter of law; the trial judge in the instant case did not err in his instruction to the jury. The fourth point of error is overruled.

In his fifth point of error, Brimberry asserts that the trial court erred by refusing to submit the following defendant's special requested charge:

> You are further instructed that the offense of criminal mischief is a felony involving an act of violence or threatened violence to property if you find beyond a reasonable doubt that the facts and circumstances of the offense of criminal mischief for which the defendant was convicted shows that said offense is an act of violence or threatened violence to property.

Our ruling on the fourth point requires that we overrule this point, and we do so.

In his sixth point of error, Brimberry challenges the sufficiency of the evidence to prove that the offense of criminal mischief, as alleged in the indictment, is a felony involving violence or threatened violence to property. We have already held that Brimberry's prior 1982 conviction, criminal mischief under section 28.03(a)(1) of the Penal Code, involved violence as a matter of law. This point is without merit and is overruled.

■ In his seventh, eighth, and ninth points of error, Brimberry asserts that the trial court erred by including instructions on parole law and good conduct time in its charge at the punishment stage of the trial and in overruling his objection thereto. The State concedes that the trial court erred; however, it claims that the error was harmless.

The Court of Criminal Appeals held Tex. Code Crim.Proc. art. 37.07, § 4 (Vernon Supp.1989) and the parole law instructions mandated therein unconstitutional in *Rose v. State*, 752 S.W.2d 529, 537 (Tex.Cr.App. 1987). The instruction given in this case followed the wording in article 37.07, section 4. Brimberry objected to the instruction, although the Court determined that objection is not necessary to preserve this error. *Rose*, 752 S.W.2d at 552–553.

Brimberry and the State both incorrectly assert that this Court should follow the harm analysis of *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr.App.1985). The Court of Criminal Appeals, however, has adopted the general harmless error test of Tex.R. App.P. 81(b)(2) when considering charging errors. *Haynie v. State*, 751 S.W.2d 878, 879 (Tex.Cr.App.1988); *Rose*, 752 S.W.2d at 553–554.

Several facts in *Rose* convinced the Court of Criminal Appeals that the error was harmless. The facts of the crime in *Rose* were particularly heinous, and the defendant's five prior felony convictions were introduced at the trial on punishment. Furthermore, the trial judge in *Rose* included an additional curative instruction after the statutory instruction. *Rose*, 752 S.W.2d at 554.

At the beginning of the punishment phase of the trial, the State read to the jury the two enhancement paragraphs of the indictment which alleged two prior felony convictions, one for theft of property of $750 or more but less than $20,000 and the other for burglary of a motor vehicle. Brimberry pleaded not true to the two enhancement paragraphs. The State introduced the judgments of conviction against Brimberry in three prior felony convictions,

including the two alleged in the enhancement paragraphs and one other for unauthorized use of a motor vehicle, and also a judgment of conviction against Brimberry in a prior misdemeanor conviction of driving while intoxicated.

Brimberry took the stand to testify in his own behalf. Although he denied the primary offense at bar, he testified before the jury that he committed and was sentenced to prison for the two offenses alleged in the enhancement paragraphs.

In his charge, the trial judge instructed the jury that if they found from the evidence beyond a reasonable doubt that the allegations in both enhancement paragraphs were true, they should assess the defendant's punishment at confinement in the Texas Department of Corrections for life or for any term of not more than 99 years or less than 25 years.

The jury, after deliberation, found the enhancement paragraphs not true, despite the judgments introduced by the State showing a conviction of Brimberry for the two offenses alleged in the enhancement paragraphs and Brimberry's own judicial admission from the stand that he committed and was convicted for the offenses alleged in the two paragraphs. Furthermore, the evidence shows that at the time Brimberry was stopped by the sheriff's deputy and asked to show his driver's license, Brimberry laid his hand on a sawed-off shotgun beside his leg, and also had the pistol in the floorboard area of the car. The jury assessed punishment at ten years' confinement and a fine of $1,000.

In view of the foregoing facts and circumstances, we conclude that beyond a reasonable doubt the court's error of including instructions on the parole law in its charge did not contribute to the punishment assessed. Tex.R.App.P. 81(b)(2). The seventh, eighth, and ninth points are overruled.

■ In his tenth point of error, Brimberry contends that the trial court erred by admitting into evidence the sawed-off shotgun. The State asserts that the shotgun was admissible as a part of the res gestae of the arrest.

When considering whether an extraneous offense is admissible as res gestae, the Court of Criminal Appeals adheres to the following guidelines:

> Where an offense is one continuous transaction, or another offense is part of the case on trial or blended or closely interwoven, proof of all such facts is proper. (Citations omitted). Such an extraneous offense is admissible to show the context in which the criminal act occurred; this has been termed the "res gestae," under the reasoning that events do not occur in a vacuum and that the jury has a right to hear what occurred immediately prior to and subsequent to the commission of that act so that they may realistically evaluate the evidence. (Citations omitted).

*Archer v. State,* 607 S.W.2d 539, 542 (Tex. Cr.App.1980); *cf. Hoffert v. State,* 623 S.W.2d 141, 145 (Tex.Cr.App.1981); *Albrecht v. State,* 486 S.W.2d 97, 100 (Tex.Cr. App.1972).

In the instant case, Jenkins testified that Brimberry reached for the sawed-off shotgun when asked to produce his driver's license. Thus, the sawed-off shotgun was admissible to show the context in which the criminal act occurred. Brimberry's tenth point of error is overruled.

■ In his eleventh point of error, Brimberry complains that the trial court erred by failing to grant his specially requested charge on unlawfully carrying a handgun.[6]

---

6. The requested charge reads as follows:
   However, if you find from the evidence beyond a reasonable doubt that on or about July 8, 1986, in Rains County, Texas, the Defendant did intentionally or knowingly possess a firearm, to-wit: a Raven Arms .25 caliber automatic handgun, Model P–25, Serial Number 4662919, away from the premises where he lived, but if you entertain a reasonable doubt as to whether the Defendant was duly and legally convicted of the offense of criminal mischief on May 17, 1982, in Cause Number F–82–80470–LP, in the 203rd Judicial District Court of Dallas County in that said felony involved an act of violence or threatened violence to property, then you will find the Defendant guilty of the offense of unlawfully

He contends that Tex.Penal Code Ann. § 46.02 (Vernon 1989) [7] is a lesser included offense of section 46.05.[8] Brimberry asserts that charging on the lesser included offense is proper because there is a factual dispute whether criminal mischief is a felony involving violence or threatened violence to property. This assertion is altogether incorrect. There is no evidence that if he is guilty, he is guilty of only the lesser included offense. Brimberry's eleventh point of error is overruled.

We affirm the judgment of the trial court.

carrying a pistol and not of the offense of felon in possession of firearm.

**7.** § 46.02. Unlawful Carrying Weapons.
  (a) A person commits an offense if he intentionally, knowingly, or recklessly carries on or about his person a handgun, illegal knife, or club.
  (b) Except as provided in Subsection (c), an offense under this section is a Class A misdemeanor.
  (c) An offense under this section is a felony of the third degree if it occurs on any premises licensed or issued a permit by this state for the sale or service of alcoholic beverages.

**8.** The Court of Criminal Appeals has previously determined that unlawfully carrying a weapon is a lesser included offense of unlawful possession of a firearm by a felon. *Archer v. State,* 607 S.W.2d 539, 544 (Tex.Cr.App.1980); *Hazel v. State,* 534 S.W.2d 698, 700 (Tex.Cr.App.1976). However, the Court recently distinguished the requirement of "carrying on or about the person" found in section 46.02 from the requirement of "possession" found in section 46.05. *Christian v. State,* 686 S.W.2d 930, 932–933 (Tex. Cr.App.1985). We decline to hold that section 46.02 is automatically a lesser included offense of section 46.05.